18259

Jimmy FOWLER, Administrator of the Estate of Baby Child (unnamed) Fowler, Respondent, v. Freddie WOODWARD, Appellant

(138 S. E. (2d) 42)

*Messrs. Leatherwood, Walker, Todd & Mann,* of Green-
ville, and *Hemphill & Hemphill,* of Chester, *for Appellant,*

610

*Messrs. McElveen & McElveen,* of Columbia, and *Gaston & Gaston,* of Chester, *for Respondent,*

*Messrs. Leatherwood, Walker, Todd & Mann,* of Greenville, and *Hemphill & Hemphill,* of Chester, *for Appellant, in Reply,*

September 14, 1964.

BRAILSFORD, Justice.

This is an appeal from an order of the circuit court overruling a demurrer to the complaint. The action is for damages for the wrongful death of an unborn, viable infant. The complaint alleges that the infant, while in the eighth month of gestation, perished with its mother in an automobile collision, and ensuing fire, which was caused by the negligent and willful misconduct of the defendant. The demurrer is for insufficiency of facts to state a cause of action and for lack of legal capacity to sue, in that, the complaint fails to allege that the infant "was born alive and thereafter died as a result of the actions and injuries alleged and complained of."

The action is brought under the wrongful death statute, Section 10-1951, *et sequa,* Code, 1962, and the controlling issue is whether the facts alleged state a case for recovery under the statute, which we quote:

"Whenever the death of a·person shall be caused by the wrongful act, neglect or default of another and the act, neglect or default is such as would, if death had not ensued, have entitled the party injured to maintain an action and recover damages in respect thereof, the person who would have been liable, if death had not ensued, shall be liable to an action for damages, notwithstanding the death of the person injured * * *."

Until 1958, no case had come before this court involving prenatal injury as a ground of action, either for the benefit of the child or for its wrongful death. Many cases had been decided in this country, most of them until comparatively recently, following the view expressed by Mr. Justice Holmes in *Dietrich v. Inhabitants of Northampton,* 138 Mass. 14, 52 Am. Rep. 242, that is "* * *

(A)s the unborn child was a part of the mother at the time of the injury, any damage to it, which was not too remote to be recovered at all, was recoverable by her * * *." This rule, that injuries inflicted before birth could never support an action, was conducive of harsh results and has been abandoned by most courts. The unborn child, certainly after viability, is recognized as a distinct being capable of sustaining a legal wrong. We need not review these developments in the law, because that has been done in our own recent, 1960, case of *Hall v. Murphy,* 236 S. C. 257, 113 S. E. (2d) 790*; in which a prenatal injury to a viable child resulted in her death, some four hours after birth. We held that an action for the wrongful death of the child would lie, and, also, an action for personal injuries to the infant.

In the earlier, 1958, case of *West v. McCoy,* 233 S. C. 369, 105 S. E. (2d) 88, we denied recovery for the death of a non-viable child, whose mother suffered a miscarriage as the result of injuries negligently inflicted upon her. The opinion in that case recognized the departure of most courts from the old rule denying recovery for prenatal injuries regardless of circumstances, but refused to go to the extent of allowing recovery for wrongful death in the case of a non-viable, stillborn child.

Neither of these decisions is strictly controlling of the issue before us because of the factual differences which have been stated. However, we think that the rationale of the *Hall case,* in the light of the statute, clearly points to affirmance here.

An action for wrongful death will lie, under the terms of the statute, when the death of a *person* is caused by the act, neglect or default of another and the *act is such* as would, if death had not ensued, have entitled the party injured to maintain an action.

---

* See also the learned opinions in *Woods v. Lancet,* 303 N. Y. 349, 102 N. E. (2d) 691, 27 A. L. R. (2d) 1250, and *Amann v. Faidy,* 415 Ill. 422, 114 N. E. (2d) 412, and many others cited in Hall.

The *Hall case, supra,* is plenary authority that a viable fetus, "having reached that period of prenatal maturity where it is capable of independent life apart from its mother is a *person* and if such a child is injured, it may after birth maintain an action for such injuries. * * *

"Having concluded that had (the child) lived, she could have maintained an action for any prenatal injury caused by defendant's negligence, it follows that the two actions (personal injury and wrongful death) now under consideration could be brought by her administrator." (Interpolation ours.) 236 S. C. 263, 113 S. E. (2d) 793.

Since a viable child is a *person* before separation from the body of its mother and since prenatal injuries tortiously inflicted on such a child are *actionable,* it is apparent that the complaint alleges *such an "act, neglect or default"* by the defendant, to the injury of the child, as would have entitled the child "to maintain an action and recover damages in respect thereof * * * if death had not ensued." By the very terms of the statute, this is the test of the right of an administrator to maintain an action for wrongful death.

Some judges have taken the view that if a child should survive a prenatal injury, it could not, before birth, bring an action for damages; therefore, it is urged, such a case does not meet the requirement of the statute in this respect. We disagree.

Once the concept of the unborn, viable child as a person is accepted, we have no difficulty in holding that a cause of action for tortious injury to such a child arises immediately upon the infliction of the injury. It is beside the point that the extent of damages might be difficult, or even impossible, to establish prior to birth. Indeed, the injurious consequences of a prenatal injury might not become manifest until long after birth, but this would not affect the existence of the cause of action from the time of the wrong, nor the character of the wrongful act as one entitling the child to recover damages therefor.

The act of the defendant, as alleged in the complaint, was such as would have entitled the infant to maintain an action and recover damages in respect thereof if death had not ensued. Death having ensued, the right of action for wrongful death vested in the administrator under the terms of the statute. We quote from the decision in *State, etc. v. Sherman,* 234 Md. 179, 198 A. (2d) 71, 72, a case of parallel facts, which reached the Maryland court after it had decided in *Damasiewicz v. Gorsuch,* 197 Md. 417, 79 A. (2d) 550, that a child, after birth, could maintain an action for prenatal injuries.

"We think the decision of this Court in Damasiewicz is virtually controlling here. We there recognized that, at least in the case of a viable child, such child had a cause of action when born alive, arising out of a prenatal injury due to the negligent act of a third person. *The cause of action arose at the time of the injury and we see no more reason why it should be cut off because of the child's death before birth, than if it died thereafter.* The wrongful act would have entitled the 'party injured to maintain an action * * * if death had not ensued,' and under the plain words of the death statute we think the action survives, or permits the parents to recover, notwithstanding the death of the child." (Emphasis added.)

The *Sherman case, supra,* decided in March, 1964, is the most recent of a number of cases in which the courts of nine states have followed the landmark decision in *Verkennes v. Corniea,* 229 Minn. 365, 38 N. W. (2d) 838, 10 A. L. R. (2d) 634, decided in August, 1949, to the conclusion which we have indicated on similar facts. During the same period, the courts of five states held that these facts would not support an action for wrongful death. In the most recent decision which has come to our attention, *Gullborg v. Rizzo,* 3 Cir., 331 F. (2d) 557, decided April 14, 1964, the United States Court of Appeals, Third Circuit, Pennsylvania law being applicable, decided that recovery may be had for the wrongful death of a stillborn, viable

fetus. We adopt this view for the reasons already stated and refrain from giving the citations, *pro* and *con,* because all of them are set forth in *State, etc. v. Sherman, supra,* 198 A. (2d) 71 and in *Gullborg v. Rizzo, supra,* 331 F. (2d) 557.

The challenge to plaintiff's capacity to sue is upon the ground that the appointment of an administrator was not justified. The argument is that in the absence of a live birth "no rights vested, supporting either a cause of action, or the appointment of an administrator." Consistently with our conclusion that the complaint states a cause of action, the exception raising this question is overruled.

Affirmed.

TAYLOR, C. J., and MOSS, LEWIS, and BUSSEY, JJ., concur.