TARRANT COUNTY HOSPITAL DISTRICT d/b/a John Peter Smith Hospital, Appellant,

v.

Aaron and Elizabeth RAY, Individually and as Next Friend for Tyeshia Hall, a Minor, Appellees.

Aaron and Elizabeth RAY, Individually and as Next Friend for Tyeshia Hall, a Minor, Appellants,

v.

TARRANT COUNTY HOSPITAL DISTRICT d/b/a John Peter Smith Hospital, Appellee.

No. 2–85–142–CV.

Court of Appeals of Texas, Fort Worth.

July 10, 1986.

Tim Curry, Crim. Dist. Atty., and Sullivan H. Bradley, Jr., Fort Worth, for Tarrant County Hosp. Dist.

Keith, Strickland & Wagner, P.C., and Darrell L. Keith and Nancy E. Strickland, Fort Worth, for Aaron Ray, et al.

Before FENDER, C.J., and HILL and HOPKINS, JJ., concur.

## OPINION

HILL, Justice.

Tarrant County Hospital District and Aaron and Elizabeth Ray, individually and as next friend of Tyeshia De-Shun Hall, a minor, all appeal from a judgment of the trial court in favor of the Rays and Tyeshia against the Hospital District in a medical malpractice action. The action concerned injuries suffered by Tyeshia because of negligence in administration of intravenous fluids. Trial was to a jury, which found

the District negligent and found damages in excess of $100,000. The trial judge reduced the damages to $100,000 pursuant to the requirements of the Texas Tort Claims Act. The 1973 version of TEX.REV.CIV. STAT.ANN. art. 6252–19, the Texas Tort Claims Act, Tort Claims Act—Liability for Property Damage, ch. 50, sec. 1, 1973 Tex. Gen.Laws 77, *repealed by* Act of June 16, 1985, ch. 959, sec. 9, 1985 Tex.Sess.Laws 7043, 7218, *recodified as* TEX.CIV.PRAC. & REM.CODE ANN. sec. 101.023 (Vernon 1986). The Rays and the District each present several points of error.

We affirm.

In three points of error, the Rays contend that the trial court erred in reducing the damages to $100,000. The trial court reduced the damages to $100,000 because liability under the Texas Tort Claims Act is limited to $100,000 per person.

The Rays contend that the Act is unconstitutional under the Fourteenth Amendment to the United States Constitution and article I, sections 13, 15, and 19 of the Texas Constitution. They say that it violates their rights to equal protection of the laws, their right to due process, and their right to a jury trial. They also argue that the act violates the "open courts" provision of the Texas Constitution. Inasmuch as the doctrine of sovereign immunity has preceded all of these constitutional provisions and inasmuch as we know of no authority which holds that these constitutional provisions in any way were intended to limit or abolish such immunity, we do not see how the relaxation of the doctrine so that the Rays and Tyeshia might have a limited recovery rather than none at all could possibly deprive them of their rights since it conferred rights and did not take away any rights they otherwise would have had.

■ The Fourteenth Amendment permits the states a wide scope of discretion in enacting laws which affect some groups of citizens differently than others. *McGowan v. Maryland*, 366 U.S. 420, 425, 81 S.Ct. 1101, 1104, 6 L.Ed.2d 393 (1961). The constitutional safeguard is offended only if the classification rests on grounds wholly irrelevant to the achievement of the State's objective. *Id.* State legislatures are presumed to have acted within their constitutional power despite the fact that, in practice, their laws result in some inequality. *Id.*, 366 U.S. at 426, 81 S.Ct. at 1105. A statutory discrimination will not be set aside if any state of facts may be conceived to justify it. Since the purpose of discriminating between larger claims and smaller claims is to preserve governmental funds, which is also one of the reasons for the doctrine of sovereign immunity, we cannot say that any discrimination based on the size of the claim is without a rational governmental purpose.

■ The Rays also contend that the trial court erred by reducing the damages because the doctrine of sovereign immunity no longer has a reasonable or substantial relationship to its original purpose. If the doctrine of sovereign immunity ought to be reexamined and abolished, or further waived, then surely that would be the proper task of the Legislature and not this intermediate court. *Lowe v. Texas Tech University*, 540 S.W.2d 297, 298 (Tex.1976).

■ Finally, the Rays contend that the trial court erred by reducing the damages because the damage limitation section of the act is not applicable to hospital districts. The act has separate limitations of liability for state government and units of local government. The Rays acknowledge that the hospital district is a unit of government. The limitation on liability of state government is not applicable because the hospital district does not have statewide jurisdiction, a requirement that is included in the definition of "state government" under the act. The Rays argue that it is not a unit of local government, apparently because they do not feel that the term "local unit of government," as commonly understood, would include a hospital district. We disagree. In this context, the word "local" is defined in Webster's Third New International Dictionary as "primarily serving the needs of a particular limited district, often a community or minor political

subdivision." Adopting this definition of "local" for the term "local unit of government," and contrasting "local unit of government" with "state government," which is statewide, we hold that the Tarrant County Hospital District, which is a unit of government limited to the confines of Tarrant County is a "local unit of government" and that its damages are therefore limited under the provision of the Texas Tort Claims Act to $100,000.

We overrule the Rays' points of error numbers one, two, and three.

■ The Hospital District presents us with two points of error in its appeal from the judgment. In point of error number one, the District urges that the trial court erred in failing to permit an expert witness to express his opinion on an ultimate issue to be decided by the jury. The evidence offered was the opinion testimony of Dr. Donald Nelms to the effect that the injury could have occurred without proximately being caused by the negligence of any party to it. It has been held that a medical expert is not competent to express an opinion on negligence because of the fact that it is a mixed question of fact and law. *Snow v. Bond*, 438 S.W.2d 549, 550 (Tex. 1969). The trial court was correct in its ruling, not because the question invaded the province of the jury, but because it embraced a mixed question of law and fact. *See also* Sutton, *Article VII: Opinions and Expert Testimony*, 20 Hous.L.Rev. 445, 468–69 (1983) and H. Wendorf, & D. Schlueter, Texas Rules of Evidence Manual rule 704, at 154 (1983) (Editorial Analysis). We overrule the Hospital District's point of error number one.

■ In its point of error number two, the Hospital District asserts that the trial court erred in failing to define "actual notice" correctly to the jury in that the definition did not require the jury to find that the Hospital District had received actual notice that the Rays intended to file a claim.

Section 16 of the Texas Tort Claims Act required that the person making a claim must give notice of it to the governmental unit within six months from the date of the incident, except where there is actual notice on the part of the governmental unit that the claimant has received some injury.

The trial court defined "actual notice" as "that knowledge or information which a county governmental unit-hospital received by some means reasonably describing an injury of Tyeshia Hall and the time, manner and place of the incident from which it arose. Actual notice does not require a description of the nature and extent of the injury in full medical detail."

We have previously held that where the governmental unit has notice of the injury, its probable fault, and the names and addresses of all involved, there is no requirement that the injured party give notice within six months of an intention to file a claim. *City of Denton v. Mathes*, 528 S.W.2d 625 (Tex.Civ.App.—Fort Worth 1975, writ ref'd n.r.e.). It follows that the intention to file a claim is not an essential requirement of actual notice.

Since oral argument, the Hospital District, in a supplemental letter brief, has cited to us the case of *Vela v. Cameron County*, 703 S.W.2d 721 (Tex.App.—Corpus Christi 1985, no writ). In that case, the court held that letters to state legislators about a beach accident did not constitute notice to the State of Texas under the Act. The court stated that one must give notice to the governmental unit against whom the claim is being made, *"unless the governmental unit has actual notice of the incident."* *Id.* at 726 (emphasis added). In the case at bar the Hospital District had actual notice of the incident. We overrule the Hospital District's point of error number two.

The judgment is affirmed.