Gilbert BLASCHKE,

v.

CITIZENS MEDICAL CENTER a/k/a Citizens Memorial Hospital.

No. 13-87-088-CV.

Court of Appeals of Texas, Corpus Christi.

Nov. 30, 1987.

Mark J.M. Perdue, Mark D. Clore, Perdue, Turner & Berry, Houston, for appellant.

R.D. Cullen, Mark C. Rains, Cullen, Carsner & Cullen, Victoria, for appellee.

Before BENAVIDES, UTTER and DORSEY, JJ.

## OPINION

BENAVIDES, Justice.

Gilbert Blaschke appeals a summary judgment granted in favor of Citizens Medical Center (Citizens) in his medical malpractice suit against Citizens and the physicians who performed surgery on him in Citizens' hospital. The trial court granted summary judgment in Citizens' favor on the ground that Blaschke had not complied with the notice requirements of the Texas Tort Claims Act, Tex.Civ.Prac. & Rems. Code Ann. § 101.101 (Vernon 1986), then severed this cause from the suit against the physicians. We reverse and remand the summary judgment.

Citizens is a county-owned hospital. As a political subdivision of the State of Texas, it is subject to liability for its employees' torts only where sovereign immunity has been waived by the legislature. *Salcedo v. El Paso Hospital District*, 659 S.W.2d 30, 31 (Tex.1983). Section 101.-021(2) of the Tort Claims Act provides that governmental units are liable for certain personal injuries or deaths caused by conditions or uses of tangible personal or real property. However, a party seeking to invoke this provision must first comply with section 101.101:

(a) A governmental unit is entitled to receive notice of a claim against it under this chapter not later than six months after the day that the incident giving rise to the claim occurred. The notice must reasonably describe:

(1) the damage or injury claimed;

(2) the time and place of the incident; and

(3) the incident.

. . .

(c) The *notice requirements ... do not apply if the governmental unit has actual notice that ... the claimant has received some injury....*

Tex.Civ.Prac. & Rems.Code Ann. § 101.101 (Vernon 1986) (emphasis added). Such notice of claim provisions are akin to statutes of limitation; suit is precluded if they are not complied with. *Schautteet v. City of San Antonio,* 702 S.W.2d 680, 682 (Tex. App.—San Antonio 1985) *writ ref'd n.r.e. with opinion,* 706 S.W.2d 103 (Tex.1986).

In his first of three points of error, as modified by his reply brief, Blaschke contends that Citizens' summary judgment motion and proof were insufficient as a matter of law to support the summary judgment. He argues that Citizens moved for summary judgment solely on its affirmative defense that Blaschke did not give Citizens *formal notice* of his claim within six months of his alleged injury, which Blaschke does not dispute. However, Section 101.101(c) provides that formal notice is not required if Citizens had *actual notice* that Blaschke had received some injury. Blaschke argues that Citizens' motion for summary judgment and proof failed to establish that Citizens did not have actual notice.

■ To receive a summary judgment on an affirmative defense, the movant must prove all of the elements of that affirmative defense as a matter of law, and there can be no genuine issues of material fact remaining. *Montgomery v. Kennedy,* 669 S.W.2d 309, 310–11 (Tex.1984). The non-movant has no burden in response unless the movant has conclusively established a defense. *Torres v. Western Casualty & Surety Co.,* 457 S.W.2d 50, 52 (Tex.1970); *Meyer v. Kupatt,* 549 S.W.2d 263, 265 (Tex. Civ.App.—Corpus Christi 1977, writ ref'd n.r.e.). *See generally* Hittner & Liberato, *Summary Judgments In Texas,* 22 Hous. L.Rev. 1109, 1137 (1985).

■ We agree with Blaschke's argument. The motion for summary judgment and the summary judgment evidence merely established that Citizens did not get *formal written notice* from Blaschke within six months of his alleged injury. Indeed, Citizens' motion for summary judgment was directed to plaintiff's failure to comply with the formal notice requirements. The accompanying affidavit to Citizens' motion for summary judgment denies receipt of "written notice" from the plaintiff or any person within a sixth month period and recites the date of its first "formal notice." Citizens did not conclusively establish all elements of its affirmative defense, since there is simply no evidence in the record to establish that Citizens did not have *actual notice* of the injury claimed by Blaschke. Moreover, Blaschke's second amended petition and response to the motion for summary judgment contained a sworn affidavit that made it clear that Blaschke was relying on Citizens having actual notice of his injury. We sustain Blaschke's first point of error.

■ Additionally, Citizens' reply briefs assert that Blaschke's cause of action does not fall within the ambit of the waivers of sovereign immunity provided in the Texas Tort Claims Act. Citizens thus asserts that as a government entity, it is not liable because Blaschke's injuries were not caused by "a condition or use of tangible personal or real property." Citizens' motion for summary judgment did not set forth this sovereign immunity claim, nor complain of any failure in Blaschke's pleadings to allege a "use of tangible property." A motion for summary judgment is required to "state the specific grounds therefore." Tex.R.Civ.P. 166–A(a) & (c). Since Citizens' sovereign immunity claim was not presented to the trial court, it cannot be considered on appeal in support of the summary judgment. *Brooks Fashion Stores v. North Park National Bank,* 689 S.W.2d 937, 941 (Tex.App.—Dallas 1985, no writ); *Roling v. McGeorge,* 645 S.W.2d 886, 888 (Tex.App.—Tyler 1983, no writ); *Vendig v. Traylor,* 604 S.W.2d 424, 430 (Tex.Civ.App. —Dallas 1980, writ ref'd n.r.e.).

■ Given our disposition of his first point of error, we need not make a determination on Blaschke's last two points. Tex. R.App.P. 90. However, we note that the summary judgment hearing was held a few days before Citizens' answers and production of items for inspection and copying were due under the trial court's order entered after consideration of Blaschke's motions to compel answers and production. Blaschke pointed out in his response to the motion for summary judgment that these answers were important for him to prove that Citizens had actual notice of his injury and that it would be improper for the trial court to grant the summary judgment while Citizens abstained from answering the interrogatories. Although generally a matter in the trial court's discretion under Tex.R.Civ.P. 166–A(f), where, as here, the answers may have direct bearing on an issue presented by the motion for summary judgment, the better practice would be to postpone the hearing on the summary judgment until answers to interrogatories have been filed pursuant to the trial court's outstanding order.

Because Citizens did not conclusively establish all elements of its affirmative defense, the summary judgment was improper. The judgment is reversed and remanded.