Genny BOURNE, Appellant,

v.

NUECES COUNTY HOSPITAL DISTRICT d/b/a Memorial Medical Center, Appellee.

No. 13–87–198–CV.

Court of Appeals of Texas, Corpus Christi.

April 28, 1988.

Rehearing Denied May 26, 1988.

Bill Blackburn, Corpus Christi, for appellant.

William De Witt Alsup, Corpus Christi, for appellee.

Before NYE, C.J., and KENNEDY and DORSEY, JJ.

## OPINION

NYE, Chief Justice.

This is a suit for recovery under the Texas Tort Claims Act. Tex.Civ.Prac. & Rem.Code Ann. §§ 101.001—101.109 (Vernon 1986). Appellant Genny Bourne sued Nueces County Hospital District d/b/a Memorial Medical Center (MMC) for the deaths of her husband and young daughter, and for her own personal injuries. The trial court granted MMC's motion for summary judgment holding that appellant had failed to state a cause of action within the waiver provisions of the statute, and that appellant had failed to comply with the statute's notice requirement. We affirm.

In early April 1982, appellant had her brother, Makis Vorros, committed to the psychiatric floor of MMC. He was diagnosed as suffering from paranoid schizophrenia by Dr. Laurence Taylor, his admitting and treating physician. Mr. Vorros remained at MMC until Dr. Taylor ordered his discharge on May 13, 1982. Appellant took custody of her brother upon his release.

In the early morning hours of May 16, 1982, a fire occurred at appellant's home. At the time, appellant's brother, Makis Vorros, was staying there. This fire caused appellant's injuries and the deaths of her husband and daughter.

Appellant filed suit against MMC alleging that the fire had been started by her brother while he was in a schizophrenic fit. The petition further alleged that MMC had been negligent in the use of its tangible property by prematurely terminating its confinement of appellant's schizophrenic brother.

MMC, as movant for summary judgment, has the burden to show that there is no genuine issue on any material fact and that it is entitled to judgment as a matter of law. *Jeffcoat v. Phillips*, 534 S.W.2d 168, 171 (Tex.Civ.App.—Houston [14th Dist.] 1976, writ ref'd n.r.e.). With this burden in mind, we review the propriety of the summary judgment granted in favor of MMC.

In her first point of error, appellant attacks the trial court's finding that she

failed to state a cause of action within the waiver provisions of the Texas Tort Claims Act. Tex.Civ.Prac. & Rem.Code Ann. § 101.021 (Vernon 1986) provides for a waiver of governmental immunity in three general areas: use of publicly owned vehicles, premise defects, and injuries arising from a condition or use of property. *Salcedo v. El Paso Hospital District*, 659 S.W.2d 30, 31 (Tex.1983).

Appellant argues that her injuries and the deaths of her husband and daughter arose from the use of appellee's property. Specifically, she asserts that the failure of appellee to use its building to confine her schizophrenic brother after he had been discharged constitutes a "use" of property.

■ "Use" in the context of this statute, has been defined as "to put or bring into action or service; to employ for or apply to a given purpose." *Salcedo*, 659 S.W.2d at 33. *Failure to use* a building is not equivalent to *use* of the building as that term is defined under the statute.

■ Appellant's cause of action alleges a "non-use" rather than a use of property. This court has previously held that the limited waiver of governmental immunity does not extend to "non-use" of property. *Seiler v. Guadalupe Valley Hospital*, 709 S.W.2d 37, 38 (Tex.App.—Corpus Christi 1986, writ ref'd n.r.e.); *Floyd v. Willacy County Hospital District*, 706 S.W.2d 731, 733 (Tex.App.—Corpus Christi 1986, writ ref'd n.r.e.); *Vela v. Cameron County*, 703 S.W.2d 721, 725 (Tex.App.—Corpus Christi 1985, writ ref'd n.r.e.).

Accordingly, we hold that appellant has failed to state a cause of action within the purview of the waiver provisions of the Texas Tort Claims Act. Appellant's first point of error is overruled.

■ In points of error two and three, appellant challenges the trial court's finding that appellee did not receive notice of her claims as required by Tex.Civ.Prac. & Rem.Code Ann. § 101.101. This section of the statute states:

(a) A governmental unit is entitled to receive notice of a claim against it under this chapter not later than six months after the day that the incident giving rise to the claim occurred. The notice must reasonably describe:

(1) the damage or injury claimed;

(2) the time and place of the incident; and

(3) the incident....

(c) The notice requirements provided ... do not apply if the governmental unit has actual notice that death has occurred, that the claimant has received some injury, or that the claimant's property has been damaged.

It is undisputed that appellee never received formal notice of appellant's claim pursuant to subsection (a) above. However, appellant asserts that appellee had actual notice of her claim through its emergency room records, or that at least a fact issue existed on MMC's actual notice.

After the May 16, 1982 fire, appellant and her daughter were taken by ambulance to MMC's emergency room. The emergency room records reflect that a house fire caused appellant's injuries and the deaths of her husband and daughter. The records, however, are completely devoid of any indication of the hospital's possible culpability in causing the fire. The records also fail to show appellant's intent to file a claim against MMC.

A county hospital's emergency room will inevitably receive many injured persons in the course of its operations. In treating these persons, medical personnel may determine the seriousness of the injuries and their cause. The hospital's records will then reflect the determinations. However, unless the records indicate to the hospital its possible culpability in causing the injuries, the hospital has no way of knowing that it might be implicated in a subsequent suit. It would be unreasonable to attribute actual notice to MMC on these records alone.

■ "Actual notice" under this statute has been interpreted to mean that knowledge which the governmental unit would have had if the claimant had complied with the formal notice requirement. To constitute actual notice, MMC must have re-

ceived information reasonably describing the injuries and deaths, and the time, manner and place of the incident from which they arose. *Collier v. City of Texas City,* 598 S.W.2d 356, 358 (Tex.Civ.App.—Houston [14th Dist.] 1980, no writ). The notice would have also apprised MMC of appellant's intent to file a claim against it, and of its possible culpability. *Collier,* 598 S.W.2d at 358.

Generally, the existence of a governmental unit's actual notice of a defendant's claim is a fact issue. *Alvarado v. City of Lubbock,* 685 S.W.2d 646, 649 (Tex.1985). But, where summary judgment evidence only raises a mere surmise or suspicion of a fact in issue, there is no genuine issue of material fact sufficient to defeat a motion for summary judgment. *Vela,* 703 S.W.2d at 727. We hold that the evidence relied on by appellant is insufficient to raise the question of the existence of actual notice. Appellant's points of error two and three are overruled. The trial court properly granted appellee's motion for summary judgment.

All of appellant's points of error have been considered and are overruled. The judgment of the trial court is AFFIRMED.