**Jerry BOOTH and Glenda Booth, Appellants,**

**v.**

**George CATHEY and Wood County Central Hospital, Appellees.**

No. 06–94–00092–CV.

Court of Appeals of Texas, Texarkana.

Argued Feb. 2, 1995.

Decided Feb. 15, 1995.

Rehearing Overruled March 10, 1995.

Robert D. Bennett, David B. Griffith, Griffith & Bennett, Gilmer, for appellants.

Michael E. Starr, Douglas R. McSwane, Jr., Potter, Minton, Roberts, Davis & Jones, P.C., Tyler, for appellee George Cathey, M.D.

Monte F. James, Davis & Davis, Austin, for appellee Wood County Central Hosp.

Before CORNELIUS, C.J., and BLEIL and GRANT, JJ.

## OPINION

BLEIL, Justice.

Jerry and Glenda Booth appeal from an adverse summary judgment. We conclude that the trial court properly granted summary judgment in favor of the doctor and the hospital for the mental anguish the Booths suffered as a result of the negligent treatment of the fetus. Otherwise, we reverse and remand for a new trial.

Jerry and Glenda Booth sued George Cathey, M.D., and Wood County Central Hospital, alleging that the negligence of the doctor and hospital had resulted in the stillborn birth of the Booths' child on August 1, 1990, and in physical pain and mental anguish to the Booths. The Booths also alleged that the defendants were negligent in failing to diagnose and treat Glenda Booth's condition as a high risk pregnancy and in failing to diagnose and treat Glenda Booth for gestational diabetes.

A movant for summary judgment has the burden of showing that no genuine issue of material fact exists and that it is entitled to summary judgment as a matter of law. *Nixon v. Mr. Property Management Co.*, 690 S.W.2d 546, 548 (Tex.1985). A defendant who moves for summary judgment must either disprove at least one of the elements of each of the plaintiff's causes of action or, if the defendant moves for summary judgment based on an affirmative defense, establish all elements of the defense by uncontroverted summary judgment evidence. *See Montgomery v. Kennedy*, 669 S.W.2d 309, 310–11 (Tex.1984); *Bradley v. Quality Serv. Tank Lines*, 659 S.W.2d 33, 34

(Tex.1983). The reviewing court takes all evidence favorable to the nonmovant as true and indulges every reasonable inference in favor of the nonmovant. *Nixon,* 690 S.W.2d at 548–49. Any doubts are resolved in favor of the nonmovant. *Id.* at 549.

The trial court granted summary judgment to Cathey based upon the holding in *Pietila v. Crites,* 851 S.W.2d 185 (Tex. 1993). The trial court granted the hospital's motion for summary judgment based on both the *Crites* decision and the lack of notice under the Texas Tort Claims Act. TEX.CIV. PRAC. & REM.CODE ANN. § 101.001, et seq. (Vernon 1986 & Supp.1995). When the trial court grants a summary judgment on specific grounds, the specified grounds are the only ones on which the summary judgment can be affirmed. *See State Farm Fire & Cas. Co. v. S.S.,* 858 S.W.2d 374, 380–81 (Tex.1993).

In the *Crites* case, Jill Crites was eight months pregnant when she was involved in a car accident. Her unborn child died, and the Crites sued their obstetrician for his negligent treatment of the fetus. 851 S.W.2d at 186. The supreme court affirmed the summary judgment granted to the doctor, holding that as a matter of law parents are precluded from recovering mental anguish damages when the only asserted cause of action is negligence toward the fetus. *Id.* at 186–87. Presently there is no wrongful death or survival cause of action for the death of a fetus.[1] *See id.* at 187; *Blackman v. Langford,* 795 S.W.2d 742, 743 (Tex.1990). The Booths' mental anguish damages suffered because of the negligent treatment and death of their unborn child are not recoverable, and summary judgment is appropriate.

However, the *Crites* decision does not eliminate a cause of action for the parents' mental anguish and physical harm suffered because of the negligent medical treatment provided to the mother. *See Crites,* 851 S.W.2d at 187 (noting that the Criteses' pleadings complained of harm arising from the negligent treatment of the fetus, not of Jill Crites); *see also Gross v. Davies,* 882 S.W.2d 452 (Tex.App.—Houston [1st Dist.] 1994, writ requested) (reversing summary judgment as to claims independent of the stillbirth); *Wheeler v. Yettie Kersting Memorial Hosp.,* 866 S.W.2d 32, 42–43 (Tex.App.— Houston [1st Dist.] 1993, no writ) (distinguishing between mental anguish resulting from death of fetus and mental anguish resulting from alleged negligent treatment of the mother).

The recent court of appeals decision in *Gross v. Davies* is instructive. The Grosses sued their obstetrician for damages resulting from the deaths of two fetuses: Both fetuses were stillborn, one in 1990 and one in 1991. In connection with the second pregnancy and delivery, the Grosses also pleaded causes of action for abandonment, fraud, intentional infliction of emotional distress, battery, and breach of contract that were independent of the deaths. *Id.* at 455. The appellate court concluded that whether the fetus lived or died was immaterial to these causes of action and that the causes of action did not spring from the stillbirth itself. The court affirmed the summary judgment against the Grosses as to their claims arising out of the two stillbirths, but reversed the summary judgment as to the Grosses' other causes of action. *Id.* at 455.

Claims independent of the delivery of the stillborn fetus, although such claims may arise at the same time as the pregnancy ends, should not be considered barred by the supreme court's opinion in *Crites.* The pleadings to which a motion for summary judgment is directed must be liberally construed in favor of the pleader. *See Gross,* 882 S.W.2d at 454; *Moiel v. Sandlin,* 571 S.W.2d 567, 569 (Tex.Civ.App.—Corpus Christi 1978, no writ). While the majority of the Booths' petition complains of the treatment and monitoring of the fetus—complaints barred by the *Crites* decision—the petition also alleges that Glenda Booth received negligent prenatal care. If the Booths can show that this negligent care caused them physical injury and mental an-

---

1. The Booths rely on *Haught v. Maceluch,* 681 F.2d 291 (5th Cir.1982), when discussing the closeness of the relationship between a mother and child. The *Haught* case did not involve a stillbirth, but instead involved an infant born with brain damage and the mother's right to recover as a bystander for her mental anguish.

guish independent of the stillbirth, then they would have a right to recover their damages unimpeded by the *Crites* decision.[2] This point of error requires that the summary judgment be sustained in part and reversed in part.[3]

■■■ The hospital's motion for summary judgment was also granted on the ground that the Booths had not provided the hospital with the formal notice required by the Texas Tort Claims Act, which applies to the hospital because it is a governmental unit. TEX. CIV.PRAC. & REM.CODE ANN. § 101.001(2) (Vernon Supp.1995), § 101.101 (Vernon 1986). The purpose of the notice requirement is to ensure a prompt reporting of claims to enable the governmental unit to investigate allegations against it while facts are fresh and conditions are substantially similar so it may guard against unfounded claims, settle claims, and prepare for trial. *City of Houston v. Torres*, 621 S.W.2d 588, 591 (Tex.1981). The Booths did not provide the hospital with timely formal notice of their claims,[4] but assert that such notice was unnecessary because the hospital had actual notice. The formal notice requirements of the Tort Claims Act do not apply when the governmental unit has actual notice that a death has occurred, that the claimant has received some injury, or that the claimant's property has been damaged. TEX.CIV.PRAC. & REM.CODE ANN. § 101.101(c). The Booths argue that, at the very least, a fact question exists regarding whether the hospital had actual notice.

■■■ Generally the existence of a governmental unit's actual notice of a claim is a fact issue. *See Alvarado v. City of Lubbock*, 685 S.W.2d 646, 649 (Tex.1985). But where the summary judgment evidence raises no more than a surmise or suspicion of a fact in issue, no genuine issue of material fact exists to defeat summary judgment. *Parrish v. Brooks*, 856 S.W.2d 522, 525–26 (Tex.App.—Texarkana 1993, writ denied); *Bourne v. Nueces County Hosp. Dist.*, 749 S.W.2d 630, 633 (Tex.App.—Corpus Christi 1988, writ denied).

■■■ To be entitled to summary judgment on its affirmative defense of lack of notice, the hospital must establish as a matter of law that the Booths did not comply with the formal notice requirements of the Act and that it did not have actual notice of the death and injuries claimed by the Booths. *See Blaschke v. Citizens Medical Center*, 742 S.W.2d 779, 781 (Tex.App.—Corpus Christi 1987, no writ). In deciding whether there are disputed material fact issues precluding summary judgment, we take all evidence favoring the nonmovant as true and indulge every reasonable inference in favor of the nonmovant. *Nixon*, 690 S.W.2d at 548–49.

2. The Booths acknowledge in their brief that their cause of action and their damages are intertwined with the death of the fetus. Before the *Crites* decision, the Corpus Christi Court of Appeals recognized a valid cause of action for the mental anguish a mother had suffered as a result of the death of her fetus *as a part of the injury to her own body* in addition to other injuries to her body resulting from the obstetrician's negligence. *Sepulveda v. Krishnan*, 839 S.W.2d 132, 136 (Tex.App.—Corpus Christi 1992, writ granted). In reaching its decision, the Corpus Christi court relied on the El Paso Court of Appeals opinion in *Crites*, but the supreme court subsequently reversed the El Paso court's judgment. *See Crites v. Pietila*, 826 S.W.2d 175 (Tex.App.—El Paso 1992), *rev'd*, 851 S.W.2d 185 (Tex.1993).

As noted, the supreme court granted Krishnan's application for writ of error in June 1993, but has taken no further action. *See* 36 Tex.Sup. Ct.J. 947 (June 5, 1993). One of the points on which writ was granted was the court of appeals' holding that the Sepulvedas had stated a valid cause of action for the mental anguish Sepulveda

had suffered as a consequence of the death of her fetus as a part of the injury to her own body. *Id.*

3. In their pleadings, the Booths charge the hospital with liability for Cathey's actions under an agency theory. Although this vicarious liability allegation was addressed in the hospital's motion for summary judgment, it was not one of the specified grounds on which the trial court based its judgment.

4. As part of its summary judgment proof, the hospital attached the following interrogatory asked of and answered by the Booths:

22. Except for Mr. David B. Griffith's letter, dated July 7, 1992, addressed to the Administrator of Wood County Central Hospital, did Plaintiffs, or anyone acting on their behalf, provide Wood County Central Hospital with any other notice, written or otherwise, of the claims being asserted by virtue of this lawsuit. If yes, please explain.
*ANSWER:*
No.

To constitute actual notice, the governmental unit must have knowledge of the death or injury, its alleged or possible fault producing or contributing to the death or injury, and the identity of the parties involved. *Parrish*, 856 S.W.2d at 525; *Bourne*, 749 S.W.2d at 632–33; *Tarrant County Hosp. Dist. v. Ray*, 712 S.W.2d 271, 274 (Tex.App.—Fort Worth 1986, writ ref'd n.r.e.); *but see Texas Dept. of Mental Health v. Petty*, 817 S.W.2d 707, 717 (Tex.App.—Austin 1991), *aff'd on other grounds*, 848 S.W.2d 680 (Tex.1992) (finding that actual notice requires only notice of the injury). The Booths allege that the hospital, through its employees, knew of the stillbirth and of Glenda Booth's depression in the days following the stillbirth.

To hold that a hospital had actual notice merely because it knew a patient received treatment at its facility or died after receiving treatment would thwart the statute's purpose and render it meaningless. *Parrish*, 856 S.W.2d at 525. Unless the records indicate to the hospital its possible culpability in causing the injuries, the hospital has no way of knowing that it might be implicated in a subsequent suit. *Bourne*, 749 S.W.2d at 632; *see also Parrish*, 856 S.W.2d at 525 (agreeing with the Corpus Christi court's reasoning in *Bourne* ). The hospital's knowledge of the death of the baby and Glenda Booth's depression does not in itself put the hospital on notice that it is potentially liable to the Booths.

In its summary judgment proof, the hospital included the affidavit of its administrator, Marion Stanberry, who stated that, prior to receiving a letter dated July 7, 1992,

> neither I nor Wood County Central Hospital received any other type of notice, including actual notice, reasonably describing the Plaintiffs (sic) alleged injuries; reasonably describing the time, manner, or place of Plaintiffs' alleged injuries; reasonably describing Wood County Central Hos-

pital's possible culpability or probable fault with respect to Plaintiffs' alleged injuries.[5] The hospital also provided an affidavit from obstetrician Douglas McIntyre, who reviewed Glenda Booth's medical records and averred that the hospital was not negligent in its care or treatment of Glenda Booth and that nothing the hospital did or did not do caused or contributed to any damages the Booths may have suffered.

The Booths, however, provided an affidavit from another obstetrician, Dean Cromartie, who reviewed Glenda Booth's medical records and formed the opinion that the hospital failed to use the appropriate standard of care in treating Glenda Booth and the fetus. Specifically, Cromartie stated that the applicable standard of care requires that a hospital and doctor be able to carry out the initiation of a Cesarean Section for fetal distress within thirty minutes of the time the procedure is called for, but the Cesarean Section performed on Glenda Booth was not started for over one hour from the time it was called for.

Cromartie based his opinion on information from Glenda Booth's medical records. This indicates that the hospital had actual notice, through its own medical records, that it may have been at fault in its treatment of Glenda Booth's labor and delivery problems. Viewed in the light most favorable to the Booths, this evidence creates a fact issue as to whether Wood County Central Hospital had actual notice within the meaning of section 101.101(c) of the Tort Claims Act.

For the foregoing reasons, we affirm the summary judgment as to the Booths' claims for the mental anguish they suffered as a result of the negligent treatment of the fetus. Otherwise, the summary judgment is reversed.

GRANT, Justice, concurring.

I agree that the majority opinion correctly applies the case law as laid down by the Texas Supreme Court in this matter. There is, however, no legitimate justification for

---

5. Stanberry also states that the hospital had no idea that the Booths had a claim or intended to allege a claim against the hospital until they sent the hospital a letter in July 1992. However, an intention to file a claim is not a requirement of actual notice. *Rosales v. Brazoria County*, 764 S.W.2d 342, 344 (Tex.App.—Texarkana 1989, no writ); *Tarrant County Hosp. Dist. v. Ray*, 712 S.W.2d 271, 274 (Tex.App.—Fort Worth 1986, writ ref'd n.r.e.).

denying tort damages for an unborn child. There has been much discussion in our time about abortion, but the landmark case of *Roe v. Wade* recognizes the important and legitimate interest that the State has in protecting human life, and the United States Supreme Court specifically provides that the State's interest becomes compelling at the stage of viability when the fetus is presumably capable of being alive outside the mother's womb. *Roe v. Wade,* 410 U.S. 113, 93 S.Ct. 705, 35 L.Ed.2d 147 (1973). The Supreme Court further states in *Roe v. Wade* that state regulation which is protective of fetal life after viability has both a logical and a biological justification. *See also Planned Parenthood v. Casey,* 505 U.S. ——, 112 S.Ct. 2791, 120 L.Ed.2d 674 (1992). This reasoning applies to the granting of damages as well as penal prohibitions.

The Texas Supreme Court said in *Witty v. American General Capital Distributors* and reiterated in *Blackman v. Langford,* "[N]o cause of action may be maintained for the death of a fetus under the wrongful death statute until the right to bring such action is afforded by the legislature." *Blackman,* 795 S.W.2d 742 (Tex.1990); *Witty,* 727 S.W.2d 503, 506 (Tex.1987). I would urge the Texas Legislature to consider this issue and join the thirty-eight states which now provide that wrongful death actions can be brought on behalf of a stillborn, viable fetus.[6]

6. *Eich v. Town of Gulf Shores,* 293 Ala. 95, 300 So.2d 354 (1974); *Summerfield v. Superior Court of Maricopa County,* 144 Ariz. 467, 698 P.2d 712 (1985); *Hatala v. Markiewicz,* 26 Conn.Sup. 358, 224 A.2d 406 (1966); *Worgan v. Greggo and Ferrara, Inc.,* 50 Del. (11 Terry) 258, 128 A.2d 557 (1956); *Greater Southeast Community Hospital v. Williams,* 482 A.2d 394 (D.C.1984); *Porter v. Lassiter,* 91 Ga.App. 712, 87 S.E.2d 100 (1955); *Wade v. United States,* 745 F.Supp. 1573 (Haw.1990); *Volk v. Baldazo,* 103 Idaho 570, 651 P.2d 11 (1982); *Chrisafogeorgis v. Brandenberg,* 55 Ill.2d 368, 304 N.E.2d 88 (1973); *Britt v. Sears,* 150 Ind.App. 487, 277 N.E.2d 20 (1971); *Dunn v. Rose Way, Inc,* 333 N.W.2d 830 (Iowa 1983); *Hale v. Manion,* 189 Kan. 143, 368 P.2d 1 (1962); *Mitchell v. Couch,* 285 S.W.2d 901 (Ky. 1955); *Danos v. St. Pierre,* 402 So.2d 633 (La. 1981); *State ex rel. Odham v. Sherman,* 234 Md. 179, 198 A.2d 71 (1964); *Mone v. Greyhound Lines, Inc.,* 368 Mass. 354, 331 N.E.2d 916 (1975); *O'Neill v. Morse,* 385 Mich. 130, 188 N.W.2d 785 (1971); *Verkennes v. Corniea,* 229 Minn. 365, 38 N.W.2d 838 (1949); *Rainey v. Horn,* 221 Miss. 269, 72 So.2d 434 (1954); *O'Grady v. Brown,* 654 S.W.2d 904 (Mo.1983); *White v. Yup,* 85 Nev. 527, 458 P.2d 617 (1969); *Poliquin v. MacDonald,* 101 N.H. 104, 135 A.2d 249 (1957); *Di Donato v. Wortman,* 320 N.C. 423, 358 S.E.2d 489 (1987); *Salazar v. St. Vincent Hospital,* 95 N.M. 150, 619 P.2d 826 (1980); *Hopkins v. McBane,* 359 N.W.2d 862 (N.D.1984); *Stidam v. Ashmore,* 109 Ohio App. 431, 167 N.E.2d 106 (1959); *Evans v. Olson,* 550 P.2d 924 (Okla.1976); *Libbee v. Permanente Clinic,* 268 Or. 258, 518 P.2d 636 (1974); *Amadio v. Levin,* 509 Pa. 199, 501 A.2d 1085 (1985); *Presley v. Newport Hospital,* 117 R.I. 177, 365 A.2d 748 (1976); *Re Certification of Question of Law from United States Dist. Ct.,* 387 N.W.2d 42 (S.D.1986); *Fowler v. Woodward,* 244 S.C. 608, 138 S.E.2d 42 (1964); *Nelson v. Peterson,* 542 P.2d 1075 (Utah 1975); *Vaillancourt v. Medical Center Hospital of Vermont,* 139 Vt. 138, 425 A.2d 92 (1980); *Moen v. Hanson,* 85 Wash.2d 597, 537 P.2d 266 (1975); *Baldwin v. Butcher,* 155 W.Va. 431, 184 S.E.2d 428 (1971); and *Kwaterski v. State Farm Mutual Auto Insurance Co.,* 34 Wis.2d 14, 148 N.W.2d 107 (1967).