Opinion issued January 5, 2006

















In The
Court of Appeals
For The
First District of Texas




NO. 01-04-00136-CV




ERNESTINE CASANOVER, INDIVIDUALLY AND AS
ADMINISTRATRIX OF THE ESTATE OF ROSA LEE EVANS, AND
ERNEST EVANS AS HUSBAND AND WIDOWER OF ROSA LEE EVANS,
Appellants

V.

TOMBALL REGIONAL HOSPITAL AUTHORITY D/B/A TOMBALL
REGIONAL HOSPITAL A/K/A TOMBALL REGIONAL MEDICAL
CENTER, Appellee



On Appeal from the 80th District Court
Harris County, Texas
Trial Court Cause No. 2003-15266



MEMORANDUM OPINION
          This is an appeal from a summary judgment rendered in favor of appellee,
Tomball Regional Hospital Authority d/b/a Tomball Regional Hospital a/k/a Tomball
Regional Medical Center (“the Hospital”). Appellants, Ernestine Casanover,
individually and as adminstratrix of the estate of Rosa Lee Evans, and Ernest Evans
as husband and widower of Rosa Lee Evans (“Mrs. Evans”), deceased, filed a suit for
damages arising out of treatment Mrs. Evans received after her admission as the
Hospital’s patient. In three points of error, appellants contend that the trial court erred
in granting the Hospital’s motion for summary judgment on the basis of appellants’
alleged failure to give notice because (1) appellants provided timely, proper notice
to the Hospital and (2) proof of notice was dispensed with by the Hospital’s failure
to file a verified special denial. We affirm. 
BACKGROUND
          On March 22, 2001, Mrs. Evans was driven to the Hospital for kidney dialysis.
After completing her dialysis treatment, Mrs. Evans fell and fractured her right hip
as she was leaving the Hospital. Mrs. Evans was admitted to the Hospital, X-rayed,
and the Hospital determined that she would require surgery. Because the Hospital
was full, Mrs. Evans was placed on a gurney in the emergency room on a telemetry
monitor overnight while she waited for a hospital bed. Early the next morning, on
March 23, 2001, Mrs. Evans suffered a sudden cardiac death. Nurse Diane Williams,
while on routine rounds, discovered Mrs. Evans. 
          On March 26, 2001, J. Ronald Tucker, as counsel for appellants, wrote two
letters to the Hospital requesting medical and billing records. On June 19, 2002,
Tucker wrote another letter to the Hospital demanding records. On March 11, 2003,
Tucker wrote a letter to the Hospital, in which he asserted that the Hospital’s
employees were negligent in treating Mrs. Evans and proximately caused her death. 
Plaintiff filed suit against the Hospital on March 24, 2003. 
          The Hospital filed a motion for summary judgment, asking for judgment
because appellants did not give the Hospital actual notice or timely, written notice of
their claim within six months of Mrs. Evans’ treatment as required by section 101.101
of the Texas Tort Claims Act (“TTCA”).


 Tex. Civ. Prac. & Rem. Code Ann. §
101.101 (Vernon 2005). 
DISCUSSION
Standard of Review
          In reviewing a summary judgment, an appellate court must consider whether
the successful movant at the trial level carried its burden of showing that there was
no genuine issue of material fact and judgment should be rendered as a matter of law. 
Tex. R. Civ. P. 166a(c); KPMG Peat Marwick v. Harrison County Hous. Fin. Corp.,
988 S.W.2d 746, 748 (Tex. 1999). We assume all of the non-movant’s evidence is
true and indulge every reasonable inference in favor of the non-movant. Sci.
Spectrum, Inc. v. Martinez, 941 S.W.2d 910, 911 (Tex. 1997). If the movant can
show it is entitled to judgment as a matter of law, the burden shifts to the non-movant
to present evidence raising a fact issue to defeat the motion for summary judgment. 
Haight v. Savoy Apartments, 814 S.W.2d 849, 851 (Tex. App.—Houston [1st Dist.]
1991, writ denied). The reviewing court should render such judgment as the trial
court should have rendered. Jones v. Strauss, 745 S.W.2d 898, 900 (Tex. 1988). 
When the trial court’s order does not specify the grounds on which a motion for
summary judgment was granted, we will affirm the summary judgment if any theory
advanced in the motion is meritorious. Cincinnati Life Ins. Co. v. Cates, 927 S.W.2d
623, 625 (Tex. 1996). 
TTCA Notice
          In their first and second points of error, appellants contend that the trial court
erred by granting the Hospital’s summary judgment motion because (1) the Hospital
had written notice; (2) the Hospital had actual notice; (3) appellants raised material
fact issues as to the existence of actual notice; and (4) the Hospital’s summary
judgment proof of actual notice was legally insufficient because of controverting
proof of actual notice. 
          Under the TTCA, a governmental unit is liable for “personal injury and death
so caused by a condition or use of tangible personal property or real property if the
governmental unit would, were it a private person, be liable to the claimant according
to Texas law.” Tex. Civ. Prac. & Rem. Code Ann. § 101.021(2) (Vernon 2005). 
It is undisputed that appellants’ claims against the Hospital are subject to the
limitations imposed by the TTCA. See Univ. of Tex. Med. Branch at Galveston v.
York, 871 S.W.2d 175, 177 (Tex. 1994) (stating negligence claims fall under TTCA). 
Because the Hospital is a governmental unit, any such claim brought against it must
be brought under the TTCA or the claim will be precluded by the doctrine of
sovereign immunity. See Benavides v. Dallas-Fort Worth Int’l Airport Bd., 946
S.W.2d 576, 578 (Tex. App.—Fort Worth 1997, no writ).
          Section 101.101(a) of the TTCA states:
A governmental unit is entitled to receive notice of a claim against it
under this chapter not later that six months after the day that the incident
giving rise to the claim occurred. The notice must reasonably describe:
 
(1) the damage or injury claimed;
 
(2) the time and place of the incident; and
 
(3) the incident.

Tex. Civ. Prac. & Rem. Code Ann. § 101.101(a) (Vernon 2005). Section
101.101(c) makes this notice requirement inapplicable “if the governmental unit has
actual notice . . . that the claimant has received some injury.” Id. § 101.101(c). The
failure to provide such notice is a complete defense to suit, but does not deprive the
court of subject matter jurisdiction. Univ. of Tex. Southwestern Med. Ctr. v.
Loutzenhiser, 140 S.W.3d 351, 354 (Tex. 2004). Even though not jurisdictional, the 
notice requirement is nonetheless mandatory and a lack of notice bars any action
under the TTCA.


 Id. at 365.
Statutory Notice
          We first consider whether the Hospital received adequate statutory notice, as
required by section 101.101(a). As noted above, such notice must reasonably
describe (1) the damage or injury claimed; (2) the time and place of the incident; and
(3) the incident. § 101.101(a). 
          In Loutzenhiser, the plaintiff was born with a deformed hand. 140 S.W.2d at
354. After the child’s birth, his father called the hospital and told them that he had
seen in a magazine that a certain procedure, which had been performed on the child
before his birth, possibly caused limb reduction. Id. at 357. The child’s father
thought that the hospital might be interested in the information he had seen “for
[their] records.” Id. The supreme court held that this telephone call did not provide
adequate statutory notice to the hospital because (1) it did not make clear that the
medical procedure had been performed at the hospital, nor did it (2) give the hospital
the time of the injury. Id. at 357–58.
          In this case, the record shows that three days after Mrs. Evans’s death,
appellants’ counsel wrote two similar letters to the Hospital. Both letters informed
the Hospital that the undersigned was representing appellants for “injuries sustained”
by Mrs. Evans on or about March 23, 2001. The first letter requested medical records
for Mrs. Evans and attached a blank medical records affidavit to be signed by the
Hospital’s records custodian. The second letter requested billing records for Mrs.
Evans and attached a blank hospital bill affidavit to be signed by the Hospital’s
records custodian. Because the record contains no other form of notice sent to the
Hospital within the six-month period after the day that the incident giving rise to the
claim occurred, we will look only to these two letters to determine if section
101.101(a)’s statutory notice requirements have been fulfilled.



          Neither of these letters fulfill the statutory notice requirements. Neither letter
reasonably describes the damage or injury claimed. In fact, the letters do not even
indicate that Mrs. Evans had died, as the letters from appellants reference only a
“DOI” or date of injury. The letters do not mention any incident at all, much less
provide a reasonable description of the incident. The letters merely refer to “injuries
sustained on the referenced date.” The letters do not indicate that the Hospital is
responsible for the injury. See Texana Comm’ty MHMR Cntr. v. Silvas, 62 S.W.3d
317, 324 (Tex. App.—Corpus Christi 2001, no pet.) (holding notice that does not
indicate possible fault of governmental entity is inadequate). We hold that
appellants’ letters do not satisfy the statutory notice requirements of section
101.101(a). See Tex. Civ. Prac. & Rem. Code Ann. § 101.101(a).
Actual Notice
          We next determine if the written notice requirements of section 101.101(a)
were excused by the Hospital’s actual notice of the incident. Tex. Civ. Prac. & Rem.
Code Ann. § 101.101(c). Actual notice to a governmental unit requires knowledge
of (1) a death, injury, or property damage; (2) the governmental unit’s alleged fault
producing or contributing to the death, injury or property damage; and (3) the identity
of the parties involved. Cathey, 900 S.W.2d at 341. To have actual notice, the
governmental unit must have knowledge that amounts to the same notice of
information to which it is entitled by the formal notice requirements and actual,
subjective awareness that its fault produced or contributed to the claimed injury. Tex.
Dep’t of Criminal Justice v. Simons, 140 S.W.3d 338, 347 (Tex. 2004). Mere notice
that an incident has occurred is not enough to establish actual notice for purposes of
the TTCA. Putthoff v. Ancrum, 934 S.W.2d 164, 173 (Tex. App.—Fort Worth 1996,
writ denied). Nor is it enough that a governmental unit could or even should have
learned of its possible fault by investigating the accident. Simons, 140 S.W.3d at 347. 
The determination of whether a governmental unit received actual notice is a question
of fact when the evidence is disputed. Id.; Alvarado v. City of Lubbock, 685 S.W.2d
646, 649 (Tex. 1985). “In many instances, however, actual notice can be determined
as a matter of law.” Simons, 140 S.W.3d at 348. 
          In Cathey v. Booth, the plaintiffs’ child was stillborn and the plaintiffs sued the
hospital alleging medical negligence. 900 S.W.2d at 341–42. The plaintiffs further
alleged that the hospital had actual notice, as required by section 101.101, through its
own medical records, which showed that a Cesarean section was not performed for
more than an hour after the time it was called for. Id. at 341. The court of appeals
reviewed medical evidence and an expert affidavit based solely upon those records, 
Booth v. Cathey, 893 S.W.2d 715, 720 (Tex. App.—Texarkana 1995), reversed, 900
S.W.2d 339 (Tex. 1990), and held that, because the expert was able to conclude solely
from the medical records that the standard of care had not been met, the hospital had
actual notice through its own medical records, that it may have been at fault. Id. The
Texas Supreme Court reversed the court of appeals, holding that, even assuming that
the hospital was aware of the information in its medical records, the information
failed as a matter of law to show the hospital’s possible culpability for injuries to the
plaintiffs. Cathey, 900 S.W.2d at 341-42.
          Appellants contend that the Hospital had actual notice as demonstrated by (1)
the above-mentioned letters from appellants’ counsel to the Hospital; (2) an expert
opinion by Leona Kemp, R.N. addressing Nurse Diane Williams’s alleged misuse of
Mrs. Evans’s cardiac monitor; (3) the affidavit of expert Dr. William Lent; (4)
Hospital’s policies and forms; and (5) the Hospital’s own medical records for Mrs.
Evans.
          Contrary to the statements made in appellants’ counsel’s affidavit, the letters
did not provide sufficient actual notice to the Hospital that its fault allegedly
produced or contributed to the claimed injury. See Simons, 140 S.W.3d at 347. 
Appellants also contend that the Hospital’s own medical records provide actual
notice, but these medical records do not satisfy the necessary elements of actual
notice. See Cathey, 900 S.W.2d at 341. The medical records, including Mrs. Evans’s
code blue record and death documentation record, describe Mrs. Evans’s injury and
death, but they fail to provide awareness to the Hospital that its fault produced or
contributed to Mrs. Evans’s injury. Mere awareness of an accident is often
insufficient to constitute actual notice. City of San Angelo v. Smith, 69 S.W.3d 303,
307 (Tex. App.—Austin 2002, pet. denied). 
          The only evidence presented by appellants concerning the Hospital’s
knowledge that its fault produced or contributed to the claimed injury is an affidavit
by Dr. Lent, a doctor of internal medicine who reviewed Mrs. Evans’s records and
determined that the Hospital’s nursing staff fell below the standard of care in their
treatment of Mrs. Evans, and an expert report written by Nurse Leona Kemp, who
also reviewed Mrs. Evans’s medical records and determined that Nurse Williams,
who assumed care of Mrs. Evans in the hours before her death, fell below the
standard of care in her nursing care of Mrs. Evans. These reports, however, were not
presented to the Hospital within the statutory time frame. The Texas Supreme Court
recently clarified that “Cathey cannot fairly be read to suggest that a governmental
unit has actual notice of a claim if it could or even should have learned of its possible
fault by investigating the incident.” Simons, 140 S.W.3d at 347. Indulging every
reasonable inference in appellants’ favor, the evidence fails to demonstrate any
genuine issue as to the fact that the Hospital did not receive actual notice. Even if the
Hospital were aware of the information in its medical records relied upon by Dr. Lee
and Nurse Kemp in forming their opinions, we hold that this information failed to
adequately convey the Hospital’s subjective awareness that its fault produced or
contributed to the claimed injury. See id. at 348; Cathey, 900 S.W.2d at 342. The
evidence submitted by appellants cannot suffice as actual notice sufficient to invoke
the TTCA’s waiver of sovereign immunity. 
          Because appellants failed to give timely, written notice as required by section
101.101(a) of TTCA and the Hospital did not have actual notice of appellants’ claims,
appellants’ claims against the Hospital are foreclosed under the Act. See Tex. Civ.
Prac. & Rem. Code Ann. § 101.101(a); Loutzenhiser, 140 S.W.3d at 365. 
Accordingly, we overrule appellants’ first and second points of error. 
Verified Special Denial
          In their third point of error, appellants contend that the trial court erred in
granting the Hospital’s motion for summary judgment because the Hospital’s failure
to file a verified special denial dispensed with the necessity of appellants’ proof of
notice in compliance with the TTCA. However, the record indicates that appellants’
trial counsel did not present this ground for avoiding summary judgment to the trial
court. Issues a non-movant contends avoid the movant’s entitlement to summary
judgment must be expressly presented by written answer to the motion or by other
written response to the motion and are not expressly presented by mere reference to
summary judgment evidence. McConnell v. Southside Indep. Sch. Dist., 858 S.W.2d
337, 341 (Tex. 1993); see City of Houston v. Clear Creek Basin Auth., 589 S.W.2d
671, 678 (Tex. 1979) (“the non-movant must expressly present to the trial court any
reasons seeking to avoid movant’s entitlement . . .”). Appellants have preserved
nothing for our review under this point. Tex. R. App. P. 33.1. Accordingly, we
overrule appellants’ third point of error. 
CONCLUSION
          Because the trial court did not err in granting summary judgment, we affirm the
trial court’s judgment. 
 
 
 
                                                             Sherry Radack
                                                             Chief Justice
 
Panel consists of Chief Justice Radack and Justices Alcala and Bland.