LENA MUSCHETTI et al., Plaintiffs, *v.* CHARLES PFIZER & Co., INC., et al., Defendants.

Supreme Court, Special Term, Kings County, July 8, 1955.

*Thomas F. Byrd, Jr.,* for defendants.

*Max M. Goldberg* and *Harry Gilgulin* for plaintiffs.

OLLIFFE, J. The defendants move, pursuant to rule 102 of the Rules of Civil Practice, to strike from the caption of the action under the listed plaintiffs the following: " and ' MARY ' MUSCHETTI, a female infant born dead, by CHARLES MUSCHETTI, her Guardian ad Litem ", and further move, pursuant to subdivision 4 of rule 106 of the Rules of Civil Practice, to dismiss the third cause of action on the ground that it fails to state facts sufficient to constitute a cause of action.

No claim or cause of action is set forth in the pleadings in behalf of the dead child. Accordingly the branch of the motion under rule 102 of the Rules of Civil Practice is granted.

The third cause of action alleges an action for the loss of services of the infant born dead. Since such action is derivative, the right to maintain said cause by the plaintiffs would be dependent upon the right of the infant to recover.

Until the *Woods* v. *Lancet* case was decided by the New York Court of Appeals (303 N. Y. 349), the courts of this State followed the rule set forth in the case of *Drobner* v. *Peters* (232 N. Y. 220) that an infant could not maintain an action for injuries received in a mother's womb. In overruling the *Drobner* case the court in the *Woods* case said (pp. 356–357): " It is to be remembered that we are passing on the sufficiency of a complaint which alleges that this injury occurred during the ninth month of the mother's pregnancy, in other words, to a viable foetus, later born. Therefore, we confine our holding in this case to prepartum injuries to such viable children."

It would thus appear that the right to maintain the action has been extended only to those infants who are both viable and born alive. As was said in *Matter of Banas* v. *City of Syracuse* (204 Misc. 201, 202): " It is now the law that a viable child, injured while *en ventre sa mere, who survives such injury,* [emphasis supplied] may recover for injuries suffered by reason of the negligence of another ". And although the Appellate Division, Third Department, in *Kelly* v. *Gregory* (282 App. Div.

542) went one step further than the Court of Appeals in the *Woods* case by allowing recovery to a nonviable infant, it still included as a necessary element to the maintenance of the action that the child be born alive. The court said (p. 545): "If the child born after an injury sustained at any period of his prenatal life can prove the effect on him of the tort   *   *   *   we hold he makes out a right to recover."

Accordingly, it is my opinion that the action cannot be maintained in behalf of the dead child and consequently the parents cannot maintain any action for loss of services. The third cause of action is accordingly dismissed. Settle order on notice.