THE HOME NATIONAL BANK AND TRUST COMPANY OF MERIDEN ET AL. *v.* BANKING COMMISSION OF THE STATE OF CONNECTICUT ET AL.

SUPERIOR COURT      HARTFORD COUNTY      FILE No. 145240

Memorandum filed July 25, 1966[1]

*Luby & Olson,* of Meriden, for the plaintiffs.

---

[1] Publication of this decision on the point here decided was determined upon after a motion to dismiss the appeal to the Supreme Court was granted.

*Harold M. Mulvey,* attorney general, *Stephen J. O'Neill* and *Raymond J. Cannon,* assistant attorneys general, for the named defendant.

*Pullman, Comley, Bradley & Reeves,* of Stamford, and *Joseph F. Weigand, Jr.,* of Meriden, for intervening defendants.

PALMER, J. This is an appeal by five banking institutions located in the town of Meriden, hereinafter called the plaintiffs, from the issuance on December 1, 1965, by the defendant banking commission, of a temporary certificate of authority for the operation of the proposed Laurel Bank and Trust Company, hereinafter called Laurel bank, pursuant to § 36-53 (8) of the General Statutes. The nineteen organizers of the Laurel bank moved to be made party defendants in this action, and this motion was granted.

The organizers filed the articles of incorporation of the Laurel bank with the bank commissioner on or about August 13, 1965. The bank commissioner issued an order, dated August 18, 1965, that a hearing be held before the banking commission on Tuesday, September 21, 1965, at 11 a.m., on the application of the organizers of the Laurel bank for a certificate of authority to complete its organization for the purpose of doing business as a bank and trust company, and further ordered that notice of such hearing be given by publishing a copy of the proposed articles of incorporation and notice of the time and place set for the hearing "at least once each week for three successive weeks before said day of the hearing in the Meriden Record, a newspaper published in the *City of Meriden* and having circulation in *Meriden*." The organizers of the Laurel bank sent by certified mail a copy of the articles of incorporation on September 1, 1965, to the plaintiffs and to the other state bank and trust

companies and savings banks having an office in Meriden, and also published a copy thereof in the Meriden Record on September 3, 10 and 17, 1965.

The banking commission conducted a public hearing on September 21, 1965. On that day the following persons participated as members of the commission: Phillip Hewes, the bank commissioner; Gerald A. Lamb, the treasurer of the state; and James J. Casey, the deputy comptroller of the state. On December 1, 1965, the commission as above constituted approved the application by a majority vote. Lamb and Casey voted to approve, and Hewes voted in opposition. On December 6, 1965, notice of this decision was published in the Connecticut Banking Department Bulletin No. 143. The parties stipulated in open court that the plaintiffs are aggrieved by the action of the banking commission.

The first principal claim of the plaintiffs is that the organizers of the proposed bank failed to give adequate notice of the hearing on the articles of incorporation of said bank pursuant to § 36-53 (5) of the General Statutes, and therefore the banking commission had no authority to act. The plaintiffs contend that by publishing a copy of the articles of incorporation on September 3, 10 and 17, 1965, to give notice of a hearing thereon on September 21, 1965, the organizers did not give notice "once a week for three successive weeks prior to the date of hearing," as provided by § 36-53 (5). This statute does not appear to have been the subject of judicial consideration. The issue is whether the statutory language requires that three full weeks, or twenty-one days, intervene before the hearing. It seems to the court that where the statute says "once a week for three successive weeks," it is satisfied where there has been publication literally once each week for three successive weeks, even though there has

not been a lapse of twenty-one days between the date of the advertisement and the date of the hearing. *In re Dryden's Estate,* 155 Neb. 552, 554; *Davy* v. *McNeill,* 31 N.M. 7, 34; 86 C.J.S., Time, § 11. It follows that the plaintiffs' claim in this respect is untenable.

The plaintiffs further contend that by sending a copy of the proposed articles of incorporation of the proposed Laurel bank to the plaintiffs and other banking institutions in the community on September 1, 1965, giving notice of a hearing on September 21, 1965, the organizers of said bank failed to give notice "not less than twenty nor more than forty days prior to the hearing," as provided by § 36-53 (5).

In *Lunt* v. *Zoning Board of Appeals,* 150 Conn. 532, the notice was first published on November 3 and the hearing was scheduled for November 13. "The statute uses the expression 'nor less than ten days' for the period of time which must elapse between the day of the first publication and the day of the hearing. Both terminal days are excluded in the computation." Id., 536. In *Treat* v. *Town Plan & Zoning Commission,* 145 Conn. 136, 139, the court said: "When so many days 'at least' are given to do an act, or 'not less than' so many days must intervene, both the terminal days are excluded. *Austin, Nichols & Co.* v. *Gilman,* 100 Conn. 81, 85 . . . ." It seems clear that our law requires that both terminal days be excluded in the computation of the number of days between the date of mailing a copy of the proposed articles of incorporation and the date of the hearing. With the terminal days excluded, there remained only nineteen days, which does not comply with the requirements of the statute. Accordingly, the notice required to be given "to each state bank and trust company, savings

bank and national bank having its main office or a branch in" Meriden was defective.

"Failure to give proper notice constitutes a jurisdictional defect. *Smith* v. *F. W. Woolworth Co.,* 142 Conn. 88, 94 . . . ; *Hutchison* v. *Board of Zoning Appeals,* 138 Conn. 247, 251 . . . . Since adequate notice is a jurisdictional, and not merely a procedural, matter, the plaintiffs who appeared at the hearing and failed to object were not estopped from objecting later. *Walsh* v. *A. Waldron & Sons,* 112 Conn. 579, 584 . . . . For the [commission] to have taken any action which can be held valid by this court, compliance with the provision for notice must be had. *Lordship Park Assn.* v. *Board of Zoning Appeals,* 137 Conn. 84, 90 . . . . The fundamental reason for the requirement of notice is to advise all affected parties of their opportunity to be heard and to be apprised of the relief sought. *Winslow* v. *Zoning Board,* 143 Conn. 381, 389 . . . ." *Slagle* v. *Zoning Board of Appeals,* 144 Conn. 690, 693. The jurisdictional defect is fatal to the validity of the decision of the banking commission, which accordingly must be set aside.

.       .       .       .       .

Judgment may enter sustaining the appeal and setting aside the decision of the banking commission to approve the application for a temporary certificate of authority.