JOSEPH A. HATALA, ADMINISTRATOR, ET AL. *v.*
CASIMER J. MARKIEWICZ ET AL.

SUPERIOR COURT     HARTFORD COUNTY     FILE NO. 144235

Memorandum filed November 1, 1966

*Arnold M. Schwolsky,* of Hartford, for the plaintiffs.

*Lexton, Januszewski, McQuillan & DeNigris,* of New Britain, and *Howard, Kohn, Sprague & Fitzgerald,* of Hartford, for the defendants Markiewicz.

TEDESCO, J. Plaintiff Joseph A. Hatala, the administrator of the estate of Baby Girl Hatala, alleges that the baby, en ventre sa mere, was due to be born in about a month or two and that as a result of the defendant's negligent operation of an automobile the child was killed and caused to be stillborn. The defendant demurred to this complaint on the ground that there is no right of action to a stillborn child or to the representative of such stillborn child's estate for injury or death which occurred to the child before birth. The demurrer admits for the purpose of the present proceeding to the truth of the allegations of the complaint. It should be noted that the complaint specifically alleges that the fetus was seven to eight months old and was viable.

There is no reported decision of the Connecticut Supreme Court on this issue. There are, however, three well-reasoned Connecticut Superior Court decisions which have held that in Connecticut, where a viable fetus, that is, one capable of living outside the womb, is injured through negligence, the child has a cause of action against the wrongdoer. *Gorke* v. *Le Clerc,* 23 Conn. Sup. 256; *Tursi* v. *New England Windsor Co.,* 19 Conn. Sup. 242; *Prates* v. *Sears, Roebuck & Co.,* 19 Conn. Sup. 487. The *Gorke* case sets out the theories which have developed after the statutory modification of the "barbaric" common-law rule that destruction of life is not an actionable injury. The court further points out that Connecticut follows the "survival theory" as opposed to the "new cause of action" theory. General Statutes § 52-555; Public Acts 1848, c. 5; *Kling* v. *Torello,* 87 Conn. 301; *Porpora* v. *New Haven,* 122 Conn. 80.

*Dietrich* v. *Northampton,* 138 Mass. 14, was the first case either in England or the United States to pass on the right of an unborn child to recover damages for a tort. Mr. Justice Holmes, speaking for the court, said (p. 17) that, "as the unborn child was a part of the mother . . . any damage to it . . . was recoverable by her [mother]." Apparently because of the high esteem in which Mr. Justice Holmes was held, his decision was uniformly followed until 1933, when the Supreme Court of Canada, in *Montreal Tramways Co.* v. *Leveille,* [1933] Can. Sup. Ct. 456, [1933] 4 D.L.R. 337, held that a child was entitled to recover for prenatal injuries. Thereafter, there were decisions in the United States which allowed recovery, and there were many decisions which denied recovery. In 1949, however, in *Verkennes* v. *Corniea,* 229 Minn. 365, there seemed to be a breakthrough of the feeling of hesitancy on the part of the courts to allow recovery. These cases are set forth in an annotation in 10 A.L.R.2d 639.

Writers who have considered the question have condemned the illogical rationale of the doctrine of denial of a right of action for prenatal injuries and have urged that the viable child should be permitted to sue, or if stillborn, its representatives should be allowed to sue. To deny the infant or its representatives relief in this type of case is not only a harsh result but its effect is to do reverence to an outmoded, timeworn fiction not founded on fact and within common knowledge untrue and unjustified. The proof of a causal relationship between the injury en ventre sa mere and the damage which subsequently became apparent is difficult, but the argument based upon the difficulty of proof of a causal relationship is rejected. The court is not impressed with the reasoning that a clear remedy for an injustice should be denied because a wrong

is not readily susceptible to proof. The burden of proof would have been almost insurmountable in the days of Blackstone and Holmes and probably greatly influenced their conceptions of the law. The physicians of today, however, have less trouble with the problem, and the right to bring an action is clearly distinguishable from the ability to prove the facts. The claim is sometimes made that fake and fraudulent claims may be brought, but this argument should have no weight to prevent legitimate claims from being heard. The common law attributed an existence to a child prior to birth in respect to some legal rights, as Blackstone states: "Life is the immediate gift of God, a right inherent by nature in every individual; and it begins in contemplation of law as soon as an infant is able to stir in the mother's womb." 1 Blackstone, Commentaries *129.

A review of cases from the time of *Gorke* v. *Le Clerc*, 23 Conn. Sup. 256 (1962), to date shows that the federal courts have held that there is a right of recovery. *Gullborg* v. *Rizzo*, 331 F.2d 557; *Todd* v. *Sandidge Construction Co.*, 341 F.2d 75. The court said that the weight of authority supported the right of recovery. There are many other courts which have held in the past four years that there is a right of recovery in this type of case. *Fowler* v. *Woodward*, 244 S.C. 608; *Valence* v. *Louisiana Power & Light Co.*, 50 So. 2d 847 (La. App.); *State, use of Odham* v. *Sherman*, 234 Md. 179; *Poliquin* v. *MacDonald*, 101 N.H. 104; *Stidam* v. *Ashmore*, 109 Ohio App. 431. During the same period of time, however, there are several cases which denied recovery. *Berg* v. *New York Society*, 136 N.Y.S.2d 528; *Muschetti* v. *Charles Pfizer & Co.*, 208 Misc. 870; *Matter of Logan*, 4 Misc. 2d 283; *Drabbels* v. *Skelly Oil Co.*, 155 Neb. 17; *Howell* v. *Rushing*, 261 P.2d 217 (Okla.); *West* v. *McCoy*, 233

S.C. 369. There are at least five cases decided during 1966 which are against the principle under discussion here. The court is, however, of the opinion that the administrator of the estate of Baby Girl Hatala has stated a good cause of action in his complaint.

A rule fixing survival as the determinant rather than viability has the appeal of simplicity. It might aid the judiciary but hardly justice.

The demurrer of the defendants is overruled.