[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
Defendant Lange, in a Motion to Strike dated November 11, 1989, moves to strike paragraph 16 of the first and third counts of plaintiff's revised complaint of May 15, 1989. Defendant St. Francis Hospital, in a Motion to Strike dated December 7, 1989, moves to strike paragraph 16 of the second count of the plaintiff's revised complaint of May 15, 1989.
Both defendants referred to hereinabove allege that paragraph 16 of said counts does not state a claim upon which relief can be granted.
In paragraph 16 of the revised complaint of May 15, 1989 the plaintiff alleges:
 "As a further result of her illness and impending death, it was necessary for the doctors to abort Gayle's pregnant fetus, thereby preventing the birth of a child to Gayle and plaintiff."
It is this paragraph that is the subject of the Motion to Strike.
ISSUE
Does paragraph 16 of counts two and three of the plaintiff's complaint allege facts that would, if proven, support a cause of action for emotional distress and/or a cause of action for the deprivation of a right to a child?
Should the defendants' Motion to Strike paragraph 16 of counts one, two and three be granted?
FACTS
By a revised four count complaint dated May 15, 1989, the plaintiff David Bourquin, Administrator of the Estate of Gayle Bourquin, is seeking to recover damages for the wrongful death of Gayle. The first count seeks recovery against defendant Tri Hawk International under the products liability statute, Conn. Gen. Stat. 52-572m et seq. The second count seeks recovery against defendant St. Francis Hospital for the alleged negligence of the hospital and its agents, servants and employees. The third count seeks recovery against defendant Dr. Lange for his alleged negligence. The fourth count seeks recovery against defendant Tri Hawk International under CUTPA, Conn. Gen. Stat.42-110b, et seq.
DISCUSSION CT Page 2033
A motion to strike challenges the legal sufficiency of a pleading. Practice Book 152. Mingachos v. CBS, Inc.,196 Conn. 91, 108 (1985). The allegations of the pleading involved are entitled to the same favorable construction as a trier would be required to give in admitting evidence under them and if the facts provable under its allegations would support a defense or a cause of action, the motion to strike must fail." Id. at 108-09.
Although a motion to strike ordinarily attacks the legal sufficiency of an entire complaint, count or counterclaim, one or more paragraphs of a complaint or count may be attacked if a separate cause of action is attempted to be stated therein. Ahan v. Olsen, 3 CSCR 55 (November 9, 1987, Wagner, J.), citing Schroder v. Rosenblatt, 26 Conn. Sup. 182 (Super.Ct. 1965); see also Donovan v. Davis, 85 Conn. 394, 397 (1912).
The plaintiff alleges in paragraph 16 of the second and third counts of his complaint that,
 As a further result of her illness and impending death, it was necessary for the doctors to abort Gayle's pregnant fetus, thereby preventing the birth of a child to Gayle and plaintiff.
The defendants have moved to strike paragraph 16 for failure to state a cause of action for which relief can be granted on the grounds that Connecticut prohibits recovery for bystander emotional distress in a medical malpractice action, for post-mortem loss of consortium, or for loss of consortium between parent and child.
The plaintiff argues in his opposing memorandum of law that "paragraph 16 of plaintiff's complaint alleges a breach of duty, the right to a child. Furthermore, it states a cognizable claim for emotional distress."
It is evident from the plaintiff's opposing memorandum that the plaintiff is attempting in paragraph 16 to state a cause of action that is separate and distinct from counts two and three of his complaint.
To recover for a claim of unintentional infliction of emotional distress, the plaintiff has the burden of "pleading and establishing that the defendants should have realized that its conduct involved an unreasonable risk of causing emotional distress and that that distress if it were caused, might result in illness or bodily injury." Morris v. Hartford Courant Co.,206 Conn. 676, 683 (1986), quoting Montinieri v. Southern New England Telephone Co., 175 Conn. 337, 345 (1978) (emphasis in original).
With respect to bystander emotional distress arising from CT Page 2034 medical malpractice on another person, there is no recovery under Connecticut law for "nervous shock and mental anguish caused by the sight of injury or threatened harm to another." Maloney v. Conroy, 208 Conn. 392, 402 (1988). Connecticut courts, however, have rejected the argument that a mother is a bystander at the birth of her child, and thus Connecticut courts have allowed a mother to allege emotional distress from an infant child's death at birth or an infant child's serious injuries as a result of the doctor's negligence. See Michaud v. Johnson, 4 CSCR 720 (August 16, 1989, Schaller, J.); Britton v. Borelli, 7 Conn. Law Trib. No. 25 p. 11 (Super.Ct., June 15, 1981, Morghan, J.); Martinez v. Bridgeport Hospital, 1 CSCR 568 (July 22, 1986, Spear, J.); and Santill v. Kharma, 2 CSCR 446 (March 27, 1987, Healey, J.).
These courts have reasoned that "[t]o infer that a mother is a bystander at the birth of her infant manifests a basic misunderstanding of the duty owed a patient by a physician. In such a circumstance as hypothesized there are two within the zone of danger and the doctor owes a duty to each. . . ." Britton, 7 Conn. Law Trib. No. Z5 at 13, quoting Howard v. Lecher, 42 N.Y.2d 109,116 (Cooke, J. dissenting).
The plaintiff does not allege in paragraph 16 of his complaint that the defendants knew or should have known that their conduct involved an unreasonable risk of causing emotional distress to the plaintiff's decedent. Nor does the plaintiff allege that his decedent suffered mental anguish upon the loss of her fetus. Therefore, the plaintiff has failed to plead facts that would, if proven, support a claim of emotional distress.
The plaintiff also argues in his opposing memorandum of law that paragraph 16 of his complaint states a cause of action for the "deprivation of her affirmative rights, specifically, the right to a child." Although, not phrased as such, the plaintiff's claim is tantamount to a wrongful death action.
"[N]o action for wrongful death existed at common law or exists today in Connecticut except as otherwise provided by the legislature." Ecker v. West Hartford, 205 Conn. 219, 231 (1987). Connecticut's wrongful death statute, Conn. Gen. Stat. 52-555
provides in pertinent part:
 In any action surviving to or brought by an executor or administrator for such injuries resulting in death, whether instantaneous or otherwise, such executor or administrator may recover from the party legally at fault for such injuries. . . .
See Id. at 220 n. 1. CT Page 2035
Connecticut courts have allowed recovery under Section 52-555
for the death of an unborn child, provided the fetus was viable at the time of its death. Reaves v. Seabord, Inc., 3 CSCR 567
(June 14, 1988, Maiocco, Jr.); Hatala v. Markiewicz, 26 Conn. Sup. 358
(Super.Ct. 1966); Gorke v. LeClerc, 23 Conn. Sup. 256
(Super.Ct. 1962). Yet Connecticut courts have not recognized a cause of action for the loss of consortium between parent and child. See Hyde v. Butler, 35 Conn. Sup. 292, 296 (Super.Ct. 1979) ("Consortium is an element of a marital relationship and cannot be extended to the children of the marriage."); Shattuck v. Gulliver, 40 Conn. Sup. 95, 99 (Super.Ct. 1984); Seger v. Dunne,3 CSCR 233 (January 22, 1988, Hennessey, J.).
The plaintiff does not allege in paragraph 16 of his complaint that the decedent's unborn was viable at the time defendant Lange performed the abortion. Therefore, the plaintiff has failed to allege facts that, if proved, would support a wrongful death action for the death of the decedent's unborn.
For the above reasons the defendants' motions to strike paragraph 16 of the second and third counts is granted.
CONCLUSION
The first count of the plaintiff's complaint does not seek recovery against the defendant Dr. Lange. Therefore, the defendant Dr. Lange may not properly move to strike paragraph 16 of the first count.
The plaintiff fails to allege facts in paragraph 16 that would, if proven, support either a claim of emotional distress or cause of action for the "deprivation of the right of a child." Accordingly, defendant Dr. Lange's motion to strike paragraph 16 from count three of the plaintiff's complaint is granted. The defendant St. Francis Hospital's motion to strike paragraph 16 from count two of the plaintiff's complaint is granted.
Miano, J.