[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
DEFENDANT'S MOTION TO STRIKE (# 184)
The plaintiffs, Lela J. Erwin, Gerald Erwin, and the administratrix of the estate of Shannon Cecil Erwin bring this negligence action against the defendants, H. John Bodin, M.D., the Norwich Obstetric Gynecologic Group, Inc., the William W. Backus Hospital, the American Ambulance Service, Inc., and the Carriage House. The plaintiffs' nineteen count second revised complaint, filed August 5, 1997, alleges that the negligence of all defendants caused injury to the plaintiffs Lela and Gerald Erwin, and the death of their five day old infant, Shannon Cecil Erwin.
On September 2, 1997, the defendant William W. Backus Hospital, filed a motion to strike the sixth count of the plaintiffs' complaint, which alleges a claim for bystander emotional distress as to the plaintiff Gerald Erwin, as a result of observing the hospital's alleged negligent treatment of his wife, and the resulting death of their infant. The defendant also filed a memorandum of law in support of his motion to strike. On September 18, 1997, the plaintiffs filed an objection to the defendant's motion and a memorandum of law in support of their objection.
"The purpose of a motion to strike is to contest . . . the legal sufficiency of the allegations of any complaint . . . to state a claim upon which relief can be granted." (Internal quotation marks omitted.) Faulkner v. United Technologies Corp. ,240 Conn. 576, 580, 693 A.2d 293 (1997). The role of the trial court in ruling on a motion to strike is "to examine the [complaint], construed in favor of the plaintiffs, to determine whether the [plaintiffs'] [have] stated a legally sufficient cause of action." Dodd v. Middlesex Mutual Assurance Company,242 Conn. 375, 378, 698 A.2d 859 (1997).
The defendant argues that the plaintiffs do not state a legally sufficient cause of action since Connecticut does not recognize a cause of action for bystander emotional distress in a medical malpractice action. The plaintiffs argue that the Connecticut Supreme Court impliedly recognized this cause of action in Clohessy v. Bachelor, 237 Conn. 31, 675 A.2d 852
(1996).
In Maloney v. Conroy, 208 Conn. 392, 393, 545 A.2d 1059
(1988), our Supreme Court held that "a bystander to medical malpractice may not recover for emotional distress." Eight years CT Page 843 later, in Clohessy v. Bachelor, supra, 237 Conn. 46, the Court recognized a cause of action for bystander emotional distress, in limited circumstances. The court held that a plaintiff may recover for bystander emotional distress under the rule of reasonable foreseeability if (1) the plaintiff is "closely related to the injury victim," (2) if the emotional injury of the plaintiff is caused by the "contemporaneous sensory perception of the event" causing injury to the victim, (3) if the injury to the victim results in death or serious bodily injury, and (4) if the plaintiff's emotional injury is serious, "beyond that which would be anticipated in a disinterested witness and which is not an abnormal response to the circumstances." Id., 51-55.
The Clohessy court discussed a line of bystander emotional distress cases including Strazza v. McKittrick, 146 Conn. 714,156 A.2d 149 (1959) (prohibiting recovery to a plaintiff who perceived serious injury to family member) and Mahoney v. Conroy. The Clohessy court specifically overruled Strazza v. McKittrick, but did make any such statement with regard to the Mahoney v.Conroy holding. It appears that the Supreme Court intendedMahoney v. Conroy to remain good law. See Smith v. Humes, Superior Court, judicial district of Stamford/Norwalk at Stamford, Docket No. 143884 (July 22, 1997, Ryan, J.); Chabot v.Day Kimball Hospital, Superior Court, judicial district of Windham at Putnam, Docket No. 053562, 19 CONN. L. RPTR. 250 (February 27, 1997, Sferrazza, J.); Tracy v. New Britain General Hospital, Superior Court, judicial district of Hartford-New Britain at Hartford, Docket No. 561434, 18 CONN. L. RPTR. 582 (January 23, 1997, Wagner, J.T.R.); Wildman v. Connecticut Allergy Asthma Assoc., Superior Court, judicial district of Fairfield, Docket No. 334473, 18 CONN. L. RPTR. 453 (December 16, 1996, Levin, J.); SanAngelo v. Lewis, Superior Court, judicial district of Waterbury, Docket No. 132931, 17 CONN. L. RPTR. 689 (October 4, 1996, Fineberg, J.); Langella v. G-WZ of Stamford, Inc., Superior Court, Judicial district of Stamford/Norwalk at Stamford, Docket No. 148891 (August 2, 1996, Lewis, J.).
This court finds that a bystander to medical malpractice cannot bring a cause of action for emotional distress. Accordingly, the defendant's motion to strike count six of the plaintiffs' second revised complaint is granted.
MARTIN, J. CT Page 844