[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON DEFENDANTS' MOTIONS TO STRIKE
This is a medical malpractice action, asserting claims respecting the death of Trevor DelVecchio following his delivery. The Plaintiffs are: Dawn DelVecchio, Administratrix of the Estate of Trevor DelVecchio, deceased; Dawn DelVecchio, individually; and Dennis DelVecchio, individually. The Defendants are: Julie S. Flagg, M. D., individually and doing business as Crescent Street OB/GYN ("Flagg"); and Middlesex Hospital, formerly known as Middlesex Memorial Hospital ("Hospital"). Dawn and Dennis DelVecchio are the parents of the decedent.
The complaint is in six counts, the first three alleging claims against the Defendant Flagg, and the following three alleging claims against the Defendant Hospital. Malpractice claims on behalf of the decedent's estate are asserted against the particular Defendant in Counts One and Four. A claim of negligent infliction of emotional distress resulting from the alleged malpractice is asserted against the particular Defendant by the Plaintiff Dawn DelVecchio in Counts Two and Five, and by CT Page 1870 the Plaintiff Dennis DelVecchio in Counts Three and Six.
The allegations of malpractice asserted in Counts One, Two and Three against the Defendant Flagg are identical, as are the allegations asserted in Counts Four, Five and Six against the Defendant Hospital. The malpractice alleged against the Defendant Flagg concerns the care, treatment and supervision of the Plaintiff Dawn DelVecchio during the subject pregnancy, labor and delivery. The malpractice alleged against the Defendant Hospital concerns the care, treatment and supervision of mother and decedent during labor and delivery.
The Defendant Flagg has moved to strike Counts Two and Three, and the Defendant Hospital has moved to strike Counts Five and Six. These counts assert the respective emotional distress claims of the individual Plaintiffs.
A motion to strike tests the legal sufficiency of a pleading. Practice Book § 151; Ferryman v. Groton, 212 Conn. 138, 142
(1989). "[A]ll facts well pleaded and those facts necessarily implied from the allegations are taken as admitted." Amodio v.Cunningham, 182 Conn. 80, 82-83 (1980). "[T]he court must construe the facts alleged in a pleading in the manner most favorable to the plaintiff." Rowe v. Godou, 209 Conn. 273, 278
(1988). "The allegations are entitled to the same favorable construction as a trier would be required to give in admitting evidence under them." Ferryman v. Groton, supra, 142. "If the facts provable under the allegations would support a defense or cause of action, the motion to strike must fail." Id.
The Defendants base their motions on the initial ground that the subject counts each assert a claim of bystander emotional distress, and that such a claim for bystander emotional distress is not cognizable in a medical malpractice action under Connecticut law under the rule of Maloney v. Conroy,208 Conn. 392 (1988). That case unequivocally states that "a bystander to medical malpractice may not recover for emotional distress . . . ."Id., 393. Clohessy v. Bachelor, 237 Conn. 31 (1996), held that a bystander may recover damages for emotional distress under the rule of reasonable foreseeability if the bystander satisfies certain conditions. While Clohessy v. Bachelor expressly overruled Strazza v. McKittrick, 147 Conn. 714 (1969), the seminal Connecticut case on the issue of bystander emotional distress claims, it did not overrule Maloney v. Conroy. At present, therefore, Maloney v. Conroy remains the law of CT Page 1871 Connecticut regarding bystander emotional distress claims in the context of medical malpractice actions.[1]
The Plaintiffs do not oppose the granting of the motions to strike Counts Three and Six. Concededly, the claim therein of the Plaintiff father, Dennis DelVecchio, qualifies as a bystander claim. However, the Plaintiffs contend that the status of the Plaintiff mother, Dawn DelVecchio, regarding her claim in Counts Two and Five is not that of a bystander, but rather is that of a participant and patient to whom a direct physician-patient duty is owed. To date, no Connecticut appellate court has as yet ruled on the issue of the status of a mother concerning her claim for emotional distress for the injury or death of her child resulting from medical malpractice in the prenatal and delivery periods.
The majority of the Superior Court cases that have considered the issue have ruled that a mother is not a bystander respecting matters incident to prenatal care and the delivery of her child. There are at least 18 such rulings going back to 1981. The most often cited quote is:
 To infer that a mother is a bystander at the birth of her infant manifests a basic misunderstanding of the duty owed a patient by a physician. In such circumstances . . . there are two within the zone of danger, and the doctor owes a duty to each . . . .
Britton v. Borelli, 7 Conn. L. Trib. No. 25, p. 11 (Super.Ct. June 5, 1981) (Moraghan, J.), quoting Howard v. Lecher, 42 N.Y.2d 109,116, 366 N.E.2d 64, 68 (1977), Cooke, J., dissenting.[2]
The theory of the majority rulings is that, as the mother herself is during pregnancy and delivery in the zone of danger, a duty of proper obstetrical care is owed her during the prenatal and delivery periods. See, e.g.: Hyland v. State, Superior Court, judicial district of Hartford-New Britain at New Britain, Docket No. 0398956 (August 6, 1992) (Aurigemma, J.) (7 CONN. L. RPTR. 222,7 CSCR 1021); Santilli v. Kharma, Superior Court, judicial district of Waterbury at Waterbury, Docket No. 77057 (March 27, 1987) (Healey, J.) (2 CSCR 446).[3]
This Court concurs that a duty of proper obstetrical care is owed to the mother during the prenatal and delivery periods. Counts Two and Five properly allege that duty. A different result might ensue if the sole malpractice respecting the child occurs CT Page 1872 subsequent to delivery, for in that situation both parents might be deemed bystanders. See Davis v. Mount Sinai Hospital, Superior Court, judicial district of Hartford-New Britain at New Britain, Docket No. 0539910 (January 31, 1995) (Wagner, J.) (13 CONN. L. RPTR 456).
The claim in this case is for the negligent infliction of emotional distress not flowing from or accompanied by physical injury. Accordingly, the rule of Montineri v. Southern NewEngland Telephone Co., 175 Conn. 337 (1978) applies. AlthoughMontineri holds that "recovery for unintentionally-caused emotional distress does not depend on proof of either an ensuing injury or a risk of harm from physical impact," nevertheless the plaintiff must plead and prove that "the defendant should have realized that its conduct involved an unreasonable risk of causing emotional distress and that the distress, if it were caused, might result in illness or bodily harm." Id., 345. SeeStapleton v. S.H.E. Medical Associates, Superior Court, judicial district of Hartford-New Britain at Hartford, Docket No. 0536586 (May 18, 1995) (Sheldon, J.) (absence of allegation resulting in count being stricken). Paragraph 8 of the subject counts suffices.
At oral argument, counsel for the Plaintiffs argued that a jury could properly find no malpractice with respect to the child, but find malpractice with respect to the mother. Although this issue is not before the Court, it is difficult to fathom how such verdicts could be other than inconsistent under the allegations of this complaint. The allegations of malpractice respecting mother and child are identical, and refer to care and treatment of the mother during pregnancy and delivery. The mother's claim is predicated upon this malpractice causing harm to the child. Accordingly, with respect to each Defendant, there was either one malpractice jointly applicable to mother and child or no malpractice, not separate malpractices. If malpractice is not proved with respect to the child, there can logically be no malpractice with respect to the mother. To rule otherwise would imply that the physician/health provider is a guarantor of the result, which is not the law.
The motions to strike Counts Three and Six are granted. The motions to strike Counts Two and Five are denied.
DAVID L. FINEBERG JUDGE OF THE SUPERIOR COURT CT Page 1873