[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION TO STRIKE (#118)
The plaintiffs Julia and Terrence McCartney ("plaintiff"), filed a complaint against the defendants Culvahouse, S. Wear, M.D. ("Culvahouse"). Brookside Obstetrics Gynecology, P.C. ("Brookside") and The Greenwich Hospital Association ("defendant"), alleging in fourteen counts that the defendants were negligent in the delivery of baby Daniel McCartney. The counts at issue in the complaint, counts six, eight, ten and twelve, allege causes of action against the defendant, The Greenwich Hospital Association, for loss of filial consortium, emotional distress as suffered by the plaintiff mother, bystander emotional distress as suffered by the plaintiff father and knowing infliction of emotional distress as suffered by the plaintiff mother, respectively.
Presently before the court is defendant The Greenwich Hospital Association' s motion to strike counts six, eight, ten and twelve of the complaint filed on December 14, 1998. The plaintiff filed an objection to the defendant's motion to strike on December 18, 1998.
 DISCUSSION
"The motion to strike . . . replaced the demurrer in our practice. Its function, like that which the demurrer served, is to test the legal sufficiency of a pleading." (Internal quotation marks omitted.) RK Constructors, Inc. v. Fusco Corp.,231 Conn. 381, 384, 650 A.2d 153 (1994). "The purpose of a motion to strike is to contest . . . the legal sufficiency of allegations of any complaints . . . to state a claim upon which relief can be granted." (Internal quotation marks omitted.) Peter-Michael, Inc.v. Sea Shell Associates, 244 Conn. 269, 270, 709 A.2d 558 (1998).
The defendant moves to strike count six on the ground that Connecticut law does not recognize a cause of action for loss of filial consortium. The defendant moves to strike count ten on the CT Page 2103 ground that Connecticut does not recognize a cause of action for bystander emotional distress. The defendant moves to strike counts eight and twelve on the grounds that the plaintiff mother was a mere bystander and that even if the plaintiff mother was not a mere bystander she could not recover because she was under general anaesthetic when the baby was delivered.
The plaintiff argues that count six should not be stricken because the Connecticut higher courts have not yet decided whether there can be a sustainable cause of action for loss of filial consortium. The plaintiff argues that count ten should not be stricken because bystander emotional distress has been recognized as a viable cause of action in negligence cases. The plaintiff argues that counts eight and twelve should not be stricken because the plaintiff mother was not a mere bystander during childbirth and that there is a viable cause of action despite the fact that the plaintiff mother was under general anaesthetic when the baby was delivered.
Count six
The defendant's motion to strike count six of the plaintiff's complaint sounding in filial consortium is granted. Although this court recognizes that there is a split in authority among superior courts allowing causes of action for filial consortium the better reasoned cases do not allow such actions. See Manvillev. Williams, Superior Court, judicial district of Tolland at Rockville, Docket No. 065055 (April 8, 1998, Sullivan, J.) (21 Conn. L. Rptr. 654) (finding that there is no right of recovery for loss of filial consortium); but see Pacelli v. Dorr, Superior Court, judicial district of New Haven at New Haven, Docket No. 382547 (July 30, 1998, Hartmere, J.) (finding that there is a right of recovery for loss of filial consortium). "The right to consortium is said to arise out of the civil contract of marriage and as such, does not extend to the parent-child relationship. . . ." (Citation omitted.) Mahoney v. Lensink,17 Conn. App. 130, 141, 55 A.2d 1088 (1988), rev'd on other grounds,213 Conn. 548, 569 A.2d 518 (1990). Moreover, our Supreme Court has recently declined to recognize a claim for loss of parental consortium. See Mendillo v. Board of Education, 246 Conn. 1456,___ A.2d ___ (1998). Accordingly, the defendant's motion to strike count six sounding in filial consortium is granted[1]
Count Ten
CT Page 2104
The defendant's motion to strike count ten of the complaint sounding in bystander emotional distress is granted. Although this court recognizes that there is a split in authority among superior courts allowing causes of action for bystander emotional distress in medical malpractice cases the majority of cases do not allow such actions. See Erwin v. Bodin, Superior Court, judicial district of New London at New London, Docket No. 537103 (January 16, 1998, Martin, J.) (21 Conn. L. Rptr. 280);Chabot v. Day Kimball Hospital, Superior Court, judicial district of Windham at Putnam, Docket No. 053562 (February 27, 1997,Sferrazza, J.) (19 Conn. L. Rptr. 250); Tracy v. New Britain General Hospital, Superior Court, judicial district of Hartford/New Britain at Hartford, Docket No. 561434 (January 23, 1997, Wagner, J.) (18 Conn. L. Rptr. 582); San Angelo v. Lewis, Superior Court. judicial district of Waterbury at Waterbury, Docket No. 132931 (October 4, 1996, Fineberg, J.) (17 Conn. L. Rptr. 689); but see Blanchette,PPA, v. Desper, M.D, Superior Court, judicial district of Waterbury at Waterbury Docket No. 144050 (October 19. 1998,Shortall, J.) finding that a father's claim for bystander emotional distress in a medical malpractice suit is viable.) "To allow recovery by one, like the plaintiff, who has been more or less constantly `at the bedside' of the malpractice victim during the period of treatment is likely to cause hospitals and other medical treatment facilities to curtail substantially the extent of visitation of patients that is presently permitted." Maloneyv. Conroy, 208 Conn. 392, 402, 545 A.2d 1059 (1988). As such, the court in Maloney, supra, 208 Conn. 404, held that there is no viable cause of action for bystander emotional distress in a medical malpractice case.
Despite the holding in Maloney, the court later held that with regard to negligence cases "a plaintiff should be allowed to recover, within certain limitations, for emotional distress as a result of harm done to a third party." Clohessy v. Bachelor,237 Conn. 31, 49, 675 A.2d 852 (1996) "While Clohessy v. Bachelor
expressly overruled Strazza v. McKittrick, 147 Conn. 714 1969; the seminal Connecticut case on the issue of bystander emotional distress claims, it did not overrule Maloney v. Conroy. At present, therefore, Maloney v. Conroy remains the law of Connecticut regarding bystander emotional distress claims in the context of medical malpractice actions." Delvecchio v. Flagg,
Superior Court, judicial district of Middlesex at Middletown, Docket No. 081157 (February 18, 1998, Fineberg, J.)
(21 Conn. L. Rptr. 309). Accordingly, the defendant's motion to strike count ten sounding in bystander emotional distress is granted. CT Page 2105
Counts Eight and Twelve
The defendant's motion to strike count eight and twelve of the plaintiff's complaint sounding in emotional distress is denied. The defendant argues that under Maloney v. Conroy, supra,208 Conn. 392, the plaintiff mother cannot assert a claim for bystander emotional distress and that even if there is a viable claim it is precluded by the fact that the mother was under general anaesthetic. The defendant's arguments hold no merit. "Connecticut courts have noted that, when a child is injured due to negligent obstetrical care, the mother and child are joint victims of the malpractice, not separable entities. . . ." (Citation omitted.) Smith v. Humes, Superior Court judicial district of Stamford/Norwalk at Stamford, Docket No 143884 (July 22, 1997, Ryan, J.). Moreover "a duty of proper obstetrical care is owed to the mother during the prenatal and delivery periods."Delvecchio v. Flagg, supra, 21 Conn. 1, Rptr. 309. The complaint certainly alleges enough facts to suggest that the mother was aware of the seriousness of her condition immediately prior to the emergency cesarian section. Plaintiff's Complaint ¶¶ 10-21, 48. As such, there are enough facts to sustain a cause of action for emotional distress on behalf of the plaintiff mother. Accordingly, the defendant's motion to strike counts eight and twelve is denied.
 CONCLUSION
The defendant's motion to strike counts six and ten is granted and the defendant's motion to strike counts eight and twelve is denied.
MINTZ, J.