[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The plaintiffs, Hina Patel, and Viren Patel, individually and as administrator of the estate of his son, Baby Boy Patel, filed the present action against the defendants, the Norwalk Hospital Association, Michele Koleszar, M.D., David Hunter, M.D., and George Patterson, M.D., alleging medical malpractice (counts one and two), wrongful death (counts three and four) and loss of filial consortium (count five). The defendants have filed a motion (# 107) to strike counts one, two and five of the complaint. The defendants claim that there can be no medical malpractice claim apart from a wrongful death claim, and that there is no recognized claim in Connecticut for loss of filial consortium. In the alternative, the defendants claim the court must strike counts three and four because there is no cause of action for the wrongful death of a stillborn child.
In counts one and two, Hina Patel alleges medical malpractice against the defendants. The defendants argue that the plaintiffs CT Page 1888 may only pursue claims of injury based upon Connecticut's wrongful death statute, General Statutes § 52-555. The Connecticut Supreme Court has stated: "The wrongful death statute; General Statutes § 52-555; is the sole basis upon which an action that includes as an element of damages a person's death or its consequences can be brought." Lynn v. HaybusterManufacturing, Inc., 226 Conn. 282, 295, 627 A.2d 1288 (1993). Hina Patel clearly seeks damages for malpractice arising from the stillbirth of her child. The plaintiffs argue that both the mother and the child are the victims of any alleged negligence by health care providers. The plaintiffs cite several Superior Court cases in which courts have allowed emotional distress claims by pregnant mothers despite the prohibition on bystander emotional distress claims arising out of medical malpractice. See Maloneyv. Conroy, 208 Conn. 392, 393, 545 A.2d 1059 (1988).
Numerous Superior Court cases have considered whether a mother may recover emotional distress damages for the injury or death of a child resulting from medical malpractice in the prenatal and delivery periods. See, e.g., Delvecchio v. Flagg, Superior Court, judicial district of Middlesex at Middletown, Docket No. 081157 (February 18, 1998, Fineberg, J.) (21 Conn. L. Rptr. 309); Smithv. Humes, Superior Court, judicial district of Stamford/Norwalk at Stamford, Docket No. 143884 (July 22, 1997, Ryan, J.);Bourquin v. Melsungen, Superior Court, judicial district of Hartford-New Britain at Hartford, Docket No. 346322 (September 4, 1990, Miano, J.). "The majority of the Superior Court cases that have considered the issue have ruled that a mother is not a bystander respecting matters that are incident to prenatal care and the delivery of her child." Delvecchio v. Flagg, supra, Superior Court, Docket No. 081157. "The theory of the majority [of] rulings is that, as the mother herself is during pregnancy and delivery in the zone of danger, a duty of proper obstetrical care is owed her during the prenatal and delivery periods." Id. "Where the child remains a part of the mother's physical being, concerns for the child's welfare during delivery procedures are concerns for the mother's well being." (Citation omitted; internal quotation marks omitted.) Smith v. Humes, supra, Superior Court, Docket No. 143884. The defendants' assertion that Hina Patel does not state a cause of action for medical malpractice ignores this body of case law and seeks to preclude Hina Patel's recovery for emotional distress damages arising from the defendants' alleged malpractice. The claims in counts one and two arise out of the direct injuries to Hina Patel. See Reaves v.Seaboard. Inc., Superior Court, judicial district of New Haven at CT Page 1889 New Haven, Docket No. 254987 (June 14, 1988, Maiocco, J.) (3 CSCR 567) (overruling plaintiff's objections to a request to revise stating that a mother may not recover for the loss of her nonviable fetus, but the mother may recover for physical or mental injuries as a result of her miscarriage). Therefore, the defendants' motion to strike counts one and two is denied.
Because the court has denied the motion to strike counts one and two, the defendants argue that the court should strike counts three and four for wrongful death of the Patels' stillborn child. The plaintiffs argue that Connecticut has recognized a right to recovery for a viable unborn child despite the lack of appellate authority concerning the issue. See Hatala v. Markiewicz,26 Conn. Sup. 358, 362, 224 A.2d 406 (1966); Gorke v. LeClerc,23 Conn. Sup. 256, 262, 181 A.2d 448 (1962).
"Courts [across the country] have reached conflicting results in deciding whether a wrongful death action is maintainable for the death of an unborn child. Many cases have held that where an unborn child was viable (that is capable of independent existence apart from its mother) at the time of sustaining injuries resulting in prenatal death, a wrongful death action for the unborn child's death is maintainable, but other cases have held, to the contrary, that even if an unborn child was viable, a wrongful death action is not maintainable." Annot., 84 A.L.R.3d 411, 415 (1978). The allegations in the present case make it readily apparent that the unborn child probably reached viability because he was alive more than forty-one weeks after conception. Therefore, this court must determine whether Connecticut recognizes a wrongful death claim by the administrator of the estate of a viable fetus.
This court has found two Connecticut cases that have considered directly whether the administrator for the estate of an unborn child who had reached viability may state a cause of action for wrongful death. See Hatala v. Markiewicz, supra,26 Conn. Sup. 362; Gorke v. LeClerc, 23 Conn. Sup. 262. Both cases, reported in the Connecticut Supplement, hold that the administrator may state a legally sufficient wrongful death claim. See Hatala v. Markiewicz, supra, 362; Gorke v. LeClerc,
supra, 262. This court agrees with the well-reasoned analysis in those opinions. Therefore, the defendants' motion to strike counts three and four is denied.
The defendants also move to strike count five of the complaint CT Page 1890 alleging loss of filial consortium because it does not state a recognized cause of action in Connecticut. "This court has previously held that Connecticut does not recognize parent/child loss of consortium because [t]he right to consortium is said to arise out of the civil contract of marriage and as such, does not extend to the parent-child relationship. " (Internal quotation marks omitted.) Reed v. Austin, Superior Court, judicial district of Stamford/Norwalk at Stamford, Docket No. 152345 (April 30, 1997, Lewis, J.) (19 Conn. L. Rptr. 351). Therefore, the defendants' motion to strike count five is granted.
So Ordered,
Dated at Stamford, Connecticut this 9th day of February, 2000.
William B. Lewis, J.